UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DAVID RURAN,** | : | **CIVIL ACTION NUMBER** |
|     **Plaintiff,** | : | |
| | : | **3: 03 cv 452 (CFD)** |
| **V.** | : | |
| | : | |
| **BETH EL TEMPLE OF WEST** | : | |
| **HARTFORD, INC.,** | : | |
|     **Defendant** | : | **JANUARY 13, 2004** |

**STATUS REPORT**

Pursuant to this Court's Order dated December 22, 2003, the Plaintiff, on behalf of both Parties, hereby reports as follows:

**A.     Nature of the Case**

1.     Beginning in 1974, Defendant employed Plaintiff as its Educational Director. In 1994, after serving a dual role as Defendant's Educational and Executive Director, Plaintiff began serving as Defendant's Executive Director. Beginning in 1994, Plaintiff became employed under the terms of an employment contract. The first contract of employment under which Plaintiff was employed expired in 1998. A second contract of employment was negotiated, and that contract expired on June 30, 2003.

Plaintiff maintains that beginning in or around 2002, Defendant's President and other members of the congregation began to inquire in roundabout ways about Plaintiff's age. Plaintiff believes that Defendant wanted to terminate his employment at the end of his contract due to his age. In an effort to accomplish this, Plaintiff maintains that he was given a false performance evaluation in 2002, after having been given only one other performance evaluation during his tenure with Defendant. Ultimately, on May 9, 2002, members of Defendant's

Executive Board told Plaintiff that he should either announce his intention to resign, or that they would recommend that his contract not be re-negotiated or renewed. During an executive session of Defendant's Board meeting on May 14, 2002, the President and both Vice Presidents, without having read or heard Plaintiff's response to the performance review given to him in March, recommended to the Board that his contract not be renewed, and that no further negotiations should take place regarding his position as Executive Director. Thereafter, the Board voted in favor of the President and Vice Presidents' recommendations. Thus, Plaintiff's employment terminated on June 30, 2003. Plaintiff contends that his termination is in violation of the Age Discrimination in Employment Act, and the Connecticut Fair Employment Practices Act.

The defendant, Temple Beth El of West Hartford, Inc. ("the Temple") maintains that it has never discriminated against Mr. Ruran on the basis of his age, and that the decision by the Temple's Board not to renew Mr. Ruran's contract was based upon legitimate business reasons. The Temple denies that it has in any way violated the Age Discrimination in Employment Act, and the Connecticut Fair Employment Practices Act in its actions toward Mr. Ruran.

2. There are no motions currently pending.

3. This matter will be tried to a jury.

**B.  Discovery**

1. Discovery is not complete. The Plaintiff has served his First Set of Interrogatories and Requests for Production on September 29, 2003. The Defendant requested an extension of time to answer said discovery until November 28, 2003, which was granted by this Court. To date, Plaintiff has received Defendant's objections to discovery. Discovery is set to close on May

1, 2004. The parties anticipate requesting an extension of time to complete discovery in light of the fact that, as noted below, the parties are still engaged in settlement discussions under the supervision of Magistrate Judge Garfinkel.

**C.    Settlement**

    1.    A settlement conference was conducted on November 12, 2003 by Magistrate Judge William I. Garfinkel. At the present time, the parties are in the process of setting up a follow-up settlement conference with Magistrate Judge Garfinkel.

    2.    No outstanding reports are due to Magistrate Judge Garfinkel.

    3.    Yes, the parties believe that an additional settlement conference with Magistrate Judge Garfinkel would be beneficial at this time and, as noted above, they are in the process of scheduling a second conference.

**D.    Trial Preparation**

    1.    The case should be ready for trial in the Fall of 2004.

    2.    Additional discovery and depositions are needed in order to prepare this case for trial.

    3.    Plaintiff may file a motion to compel discovery responses if necessary.

    4.    The joint trial memorandum is due within ninety days of a ruling on the last dispositive motion. Dispositive motions are due to be filed on or before June 1, 2004, however, the parties believe that an extension of time will be necessary.

PLAINTIFF,
DAVID RURAN

By: _____/s/_____
William G. Madsen (ct09853)
Madsen, Prestley & Parenteau, LLC
44 Capitol Ave., Suite 201
Hartford, CT 06106
TEL. (860) 246-2466
FAX. (860) 246-1794

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this date to all counsel and pro se parties of record, including:

Mark A. Newcity
Fitzhugh, Parker, & Alvaro, LLP
One Constitution Plaza, Suite 900
Hartford, CT 02110

_____/s/_____
William G. Madsen