UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID RURAN, | : | CIVIL ACTION NO |
| Plaintiff, | : | |
| | : | 3:03 CV 452 (CFD) |
| V. | : | |
| | : | |
| BETH EL TEMPLE OF WEST | : | |
| HARTFORD, INC., | : | |
| Defendant | : | September 8, 2004 |

<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL AND FOR ATTORNEY'S FEES</u>

I.    INTRODUCTION

Plaintiff, David Ruran ("Plaintiff"), hereby moves through his undersigned counsel, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, for an order from this Court compelling Defendant, Beth El Temple of West Hartford, Inc. ("Defendant"), to provide responses and produce documents as requested by Plaintiff in his First Set of Interrogatories and Requests for Production, dated September 29, 2003.  Plaintiff also replies to the objections set forth in Defendant's Objections to Plaintiff's Interrogatories and Requests for Production, dated October 31, 2003, as each objection inadequate as a matter of law, without basis in fact, and without merit.  Finally, as Plaintiff's previous good faith efforts to obtain the information he seeks have been completely ignored by Defendant, Plaintiff moves this Court to award attorney's fees to Plaintiff pursuant to Rule 37(a)(4) or 37(d) of the Federal Rules of Civil Procedure, and/or Local Rule 37(a)(4) for the United States District Court for the District of Connecticut.

II.    BACKGROUND

Plaintiff began working for Defendant in 1974 as its Education Director.  (1st Am. Compl. ¶ 9; Ans. ¶ 9.)  In 1994, after seven years of serving as both Defendant's

Education and Executive Director, Defendant made Plaintiff the full-time Executive

Director and offered him contractual employement.  (1st Am. Compl. ¶¶ 10, 11; Ans. ¶¶

10, 11.)  During his employment with Defendant, Plaintiff's reviews were consistently

positive.

   In recent years, Defendant's former President, Michael Cohen, as well as

members of the Board of Directors and other members of Defendant's congregation,

began asking Plaintiff about his age.  (1st Am. Compl. ¶ 14, 15.)  In March, 2002,

Defendant's President gave Plaintiff, for the second time in his 28 years of employment

with Defendant, a written performance evaluation.  The evaluation was replete with

misstatements and misrepresentations and was critical of Plaintiff's performance.  (1st

Am. Compl. ¶¶ 22, 23; Ans. ¶¶ 20-22.)  On May 14, 2002, on the advice of the President

and both Vice Presidents, Defendant's Board of Directors voted not to renew Plaintiff's

contract when it expired in June of 2003.  As a result of the Board's decision, Plaintiff's

employment was involuntarily terminated.  (1st Am. Compl. ¶¶ 30, 31; Ans. ¶ 31.)

   On March 14, 2003, Plaintiff filed the instant action alleging that Defendant

unlawfully terminated his employment on the basis of his age in violation of the Age

Discrimination in Employment Act ("ADEA") and the Connecticut Fair Employment

Practices Act ("CFEPA").[1]  On September 29, 2003, Plaintiff served upon Defendant his

First Set of Interrogatories and Requests for Production.  (*See* Plaintiff's First Set of

Interrogatories and Requests for Production, attached hereto as Ex. A.) On October 31,

2003, Defendant provided Plaintiff with its Objections to Plaintiff's Interrogatories and

Requests for Production, in which Defendant objected to Interrogatories 3, 4, and 5, as

---

[1] Plaintiff's original Complaint also contained a third count alleging breach of contract, but Plaintiff's First Amended Complaint, dated April 8, 2003, only stated claims for age discrimination in violation of the ADEA and CFEPA.

well as Requests for Production 1, 2, 6-27, and 30.  (*See* Defendant's Objections to Plaintiff's Interrogatories and Requests for Production, attached hereto as Ex. B.) Thereafter, on November 5, 2003, Defendant filed its Motion for Initial Extension of Time to Answer Discovery, in which Defendant requested, and this Court granted, until November 28, 2003, to respond to the outstanding Interrogatories and Requests for Production to which it had not objected.

In view of the pending settlement conference with Magistrate Judge Garfinkel on November 12, 2003, and a second such conference with Magistrate Judge Garfinkel on March 24, 2004, the parties agreed to delay discovery until such time as settlement discussions had been exhausted.  (*See* Affidavit of William G. Madsen, attached hereto as Exhibit C)  Once it became apparent that settlement discussions would not be fruitful, the undersigned then sent a letter to Mr. Newcity dated July 7, 2004, requesting compliance with said discovery.  (*See* Affidavit of William G. Madsen, attached hereto as Exhibit C) Lastly, the undersigned sent a letter to Mr. Newcity dated August 12, 2004, which requested compliance by no later than August 26, 2004.  While the undersigned has spoken with Mr. Newcity generally about the need to resolve these disputes, Defendant has failed to comply with the Plaintiff's discovery requests.  Defendant never responded to this last ditch overture to avoid court intervention. (*See* Affidavit of William G. Madsen, attached hereto as Exhibit C)  Entirely consistent with its well-established practice of ignoring the invitations of the undersigned to confer, Defendant failed to respond to Plaintiff's final invitation to resolve this issue without the involvement of the Court.

As Defendant has (1) objected to each and every one of Plaintiff's Interrogatories and Requests for Production on frivolous grounds; (2) failed to provide any responsive answers *at all* to Interrogatories 1, 2, and 6, as well as Requests for Production 3, 4, 5, 28, and 29; and (3) completely ignored Plaintiff's repeated good faith invitations to confer in order to resolve this discovery dispute without the assistance of the Court, Plaintiff hereby requests that this Court compel Defendant to respond to each of Plaintiff's Interrogatories and Requests for Production. Such an Order is necessary if this case is to proceed in compliance with the scheduling order that is currently in place, under which discovery is to be complete by January 30, 2005. (*See* Joint Motion to Enlarge the Scheduling Order, dated April 28, 2004, at 2.) In addition, Plaintiff requests that this Court award Plaintiff the attorney's fees and costs incurred in filing this Motion.

## III.    DISCUSSION

### A.    Defendant Must Respond to Interrogatories and Comply With Production Requests To Which It Has Failed to Object

Defendant has neither answered nor objected to Interrogatories 1, 2, and 6, as well as Requests for Production 3, 4, 5, 28, and 29. As such, Defendant has waived its opportunity to object to those discovery requests and the Court should order Defendant to fully answer the Interrogatories and produce the documents which Plaintiff requests.

Rule 33 of the Federal Rules of Civil Procedure governs the manner in, as well as the deadline by which a party must either answer or object to interrogatories. It provides that:

> (3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within thirty days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

> (4)  <u>All grounds</u> for an objection to an interrogatory <u>shall be stated with specificity</u>.  <u>Any ground not stated in a timely objection is waived</u> unless the party's failure to object is excused by the court for good cause shown.

Fed. R. Civ. P. 33(b)(3) & (4) (emphasis added).  Likewise, Rule 34(b) requires that "[t]he party upon whom the request [for production] is served <u>shall</u> serve a written response" by the same deadline.  Fed. R. Civ. P. 34(b) (emphasis added).

By using "shall," the drafters of Rule 33(b)(3) and (4) and 34(b) made clear that its requirements were mandatory, not permissive or discretionary.  *See United States v. Maria*, 186 F.3d 65, 70 (2d Cir. 1999) ("the word 'shall' is used to express a command or exhortation and is used in laws, regulations, or directives to express what is mandatory") (internal citations omitted) (citing Webster's Dictionary and Black's Law Dictionary).  These mandatory requirements have been emphasized by courts within this Circuit.  *See, e.g.*, *Billups v. West*, No. 95 Civ. 1146, 1997 WL 100798 at \*\*2-3 (S.D.N.Y. March 6, 1997) ("[t]he time limits set forth in the Federal Rules of Civil Procedure are *not* optional.  They are mandatory for *all* litigants . . . Litigants simply do not have unbridled, unilateral discretion to decide when they will respond to discovery requests.  The very notion of such a chaotic system would make it impossible for cases to be resolved in a 'just, speedy, and inexpensive' manner contemplated by Rule 1 of the Federal Rules of Civil Procedure.") (emphasis in original).

Thus, when a party fails to object to a discovery request within the prescribed deadline, any potential objections are deemed to be waived, even those based on privilege.[2]  *See Davis v. Fendler*, 650 F.2d 1154, 1160-61 (9th Cir. 1981); *Ahern v. Trans*

---

[2] Defendant's general objections , even though intended to "apply to all requests, whether or not any reference is made to such objections in Defendant's response," do not satisfy the requirements of Rule 33

*Union LLC Zale Corp.*, No. 3:01 CV 02313, 2002 WL 32114492 at **2-3 (D. Conn. Oct.

23, 2002); *Scott v. Arex*, 124 F.R.D. 39, 41-42 (D. Conn. 1989); *Kimbro v. I.C. System,*

*Inc.*, No. 3:01 CV 1676, 2002 WL 1816820 at *1 (D. Conn. July 22, 2002); *Williams v.*

*The Gillette Co.*, No. 3:02 CV 2213, 2004 WL 717173 at *2 (D. Conn. March 24, 2004);

*Billups v. West*, No. 95 Civ. 1146, 1997 WL 100798 at **2-3 (S.D.N.Y. March 6, 1997).

By its failure to object, Defendant has waived any objections to Plaintiff's

Interrogatories 1, 2, and 6, as well as Requests for Production 3, 4, 5, 28, and 29.  The

undersigned has sent three letters to defense counsel requesting responses to the said

discovery requests and has attempted to confer with defense counsel by telephone on

numerous occasions.  To date, however, defense counsel has not responded to any of the

undersigned's verbal or written communications, nor has Defendant complied with any of

the said discovery requests.  Accordingly, this Court should issue an Order compelling

Defendant to respond to all interrogatories and produce the documents requested in

Plaintiff's requests for production.

      B.    <u>Defendant's Objections Are Inadequate As a Matter of Law</u>

To date, Defendant has failed to answer a single interrogatory or request for

production of documents set forth in Plaintiff's September 9, 2004 First Set of

Interrogatories and Requests for Production.  Additionally, as discussed below, for

several of Plaintiff's discovery requests, Plaintiff has failed to respond at all—by way or

answer or objection.  For each and every one of those discovery requests to which it has

---

to object with specificity.  *See White v. Beloginis*, 53 F.R.D. 480 (S.D.N.Y. 1971) (general objections universally held to be impermissible); *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 304 (D. Kan. 1996); *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979); *E.E.O.C. v. Treadwell Ford, Inc.*, No. 7650-73-P, 1973 WL 270 (S.D. Ala. Nov. 5, 1973)

responded, Defendant's only response has been to object. Each and every one of Defendant's objections, however, is inadequate as a matter of law.

Defendant's objections fall into two categories. First, Defendant objected to a majority of Plaintiff's discovery requests merely by repeatedly employing identical generalized, boilerplate language. For each remaining discovery request, Defendant objected on the basis of the attorney-client and work-product privileges. As each objection by Defendant is inadequate as a matter of law, the Court should direct Defendant to comply with each and every one of Plaintiff's discovery requests.

1.     Defendant's Boilerplate, General Objections Are Inadequate As a Matter of Law

Defendant has merely offered boilerplate, generalized objections to many of Plaintiff's Interrogatories and Requests for Production. As numerous courts have held that such objections are inadequate to justify not providing discovery, this Court should compel Defendant to answer Interrogatories 4 and 5, as well as Requests for Production 1, 2, 6, 7, 10, 11, 12, 13, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 30.

"Rule 26(b)(1) broadly defines the scope of relevance for discovery purposes." *Ramsey v. NYP Holdings, Inc.*, No. 00 Civ. 3478, 2002 WL 1402055 at *3 (S.D.N.Y. June 27, 2002); *Daval Steele Products v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) ("this obviously broad rule is liberally construed"). Notwithstanding the liberal guidelines governing discovery, "[a] party may object to a request if it is overly broad or unduly burdensome." *Ahern v. Trans Union LLC Zale Corp.*, No. 3:01 CV 02313, 2002 WL 32114492 at *3 (D. Conn. Oct. 23, 2002).

> To assert a proper objection on this basis, however, one must do more than 'simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad.'

> Instead, the objecting party must 'show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.' The objecting party may not leave it to the court to sift each interrogatory to determine the usefulness of the answer sought.' To the contrary, the claims in the complaint defines the liberal guidelines for determining the relevance of the discovery requests, and <u>the burden is on the party resisting discovery to clarify and explain its objections and to provide support for those objections</u>.

*Id.* (internal citations omitted) (emphasis added).

Consistent with those principles, when a party fails to meet its burden to support its objections and simply objects on the basis of generalized, boilerplate language, courts refuse to sustain the objections. *See Kimbro v. I.C. System, Inc.*, No. 3:01 CV 1676, 2002 WL 1816820 at *1 (D. Conn. July 22, 2002) ("the mere statement by a party that discovery is 'irrelevant and immaterial' is not enough to discharge this burden"); *Boutvis v. Risk Management Alternatives, Inc.*, No. 3:01 CV 1933, 2002 WL 971666 at *1 (D. Conn. May 3, 2002) (same); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'") (citation omitted); *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003) ("Generalized objections that a discovery request is burdensome without resort to specific reasons is similarly insufficient to justify a refusal to respond."); *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 592-93 (W.D.N.Y. 1996) ("these objections were not sufficiently specific to allow the court to ascertain the claimed

objectionable character of the Discovery Request, further, this type of general objection is not proper.  As objections to interrogatories must be specific and supported by detailed explanation of why the interrogatories are objectionable.").  *See also Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 586-87 (C.D. Cal. 1999); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38 (D. Md. 2000).

Courts refuse to sustain objections that contain only boilerplate language without any accompanying specifics or explanations, regardless of whether the discovery request objected to is an interrogatory or a request for production.  *McLeod, Alexander, Powell, & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ("We see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests.")

Here, in its objections to Plaintiff's Interrogatories 4 and 5, as well as Requests for Production 1, 2, 6, 7, 10, 11, 12, 13, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 30, Defendant employed the same boilerplate language, asserting that Plaintiff's discovery requests were overbroad, overly burdensome, not properly limited as to time, seeks information that is immaterial and irrelevant and inadmissible at trial, and/or not reasonable calculated to the discovery of admissible evidence, without providing any specifics or explanation.  (*See* Defendant's Objections to Plaintiff's Interrogatories and Requests for Production, dated October 31, 2003, attached as Ex. B.)  As objections that contain only generalized, boilerplate language are, as a matter of law, insufficient to satisfy the objecting party's burden, this Court should direct Defendant to respond to Plaintiff's discovery requests.

2.    Defendant's Objections Based on Privilege are Inadequate As a Matter of Law

For all of those discovery requests to which Defendant did not object by using generalized, boilerplate language, Defendant objected on the basis of the attorney-client and work-product privileges. For example, in response to Interrogatory No. 3 and Requests for Production No. 8, 9, 14, 15, 16, 17, and 18, Defendant simply stated that Plaintiff's interrogatory or request "seeks the discovery of information protected to [sic] the work-product and attorney-client privileges." Defendant's privilege-based objections are inadequate because they fail to satisfy the requirements set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure and Local Rule 9(d). Accordingly, this Court should order Defendant to comply with Plaintiff's Interrogatory No. 3 and Requests for Production No. 8, 9, 14, 15, 16, 17, and 18 because its privilege-based objections are inadequate as a matter of law.

Rule 26(b)(5) of the Federal Rules of Civil Procedure governs "claims of privilege or protection of trial preparation materials." Fed. R. Civ. P. 26(b)(5). It was intended to decrease the necessity for *in camera* review of documents for which a privilege was claimed. *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 595 (W.D.N.Y. 1996) (citing Rule 26(b)(5) Advisory Committee Notes 1993 Amendments). It states that:

> [w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5).

Likewise, Rule 9(d) of the Local Civil Rules of the United States District Court for the District of Connecticut supplements the requirements set forth in Rule 26(b)(5) and requires parties withholding otherwise discoverable information on the basis of privilege to provide a privilege log to the party seeking discovery.  D. Conn. L. Civ. R. 9(d).  It states:

> In accordance with F. R. Civ. P. 26(b), when a claim of privilege or work product protection is asserted in response to a discovery request for documents, the party asserting the privilege or protection shall provide the following information in the form of a privilege log:  (1) The type of document; (2) The general subject matter of the document; (3) The date of the document; (4) the author of the document; and (5) Each recipient of the document.

*Id.  See also Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 595 (W.D.N.Y. 1996) ("To properly demonstrate that a privilege exists, the privilege log should contain a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document.")

"It is axiomatic that the burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of a privileged relationship."  *Von Bulow by Auersperg v. Von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987).  If a party objecting to a discovery request on the basis of the attorney-client or work-product privileges fails to comply with the requirements of Rule 26(b)(5), the objection is inadequate, the privilege is deemed waived, and the party must provide the information or documents

sought in the discovery request. *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 595 (W.D.N.Y. 1996); *St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 513 (N.D. Iowa 2000) (and cases cited therein); *Shanks v. Plumb-Town, Inc.*, 1996 WL 115973 (E.D. Pa. 1996); *Massachusetts School of Law at Andover, Inc. v. American Bar Assoc.*, 914 F. Supp. 1172, 1178 (E. D. Pa. 1996) ("failure to assert privilege properly may amount to a waiver of that privilege"); *Nance v. Thompson Medical Co.*, 173 F.R.D. 178, 183 (E.D. Tex. 1997); *Mold-Masters, Ltd. v. Husky Injection Molding Systems Ltd.*, 2001 WL 1558303 at *2 (N.D. Ill. Dec. 6, 2001) (if the requirements of Rule 26(b)(5) are not satisfied, "disclosure of the document is an appropriate sanction"); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38 (D. Md. 2000). Accordingly, as Defendant has utterly failed to comply with the requirements set forth in Rule 26(b)(5), as well as those of Local Rule 9(d), the privileges asserted are deemed waived and this Court should order Defendant to produce the information and documents sought in Interrogatory No. 3 and Requests for Production 8, 9, 14, 15, 16, 17, and 18.

        3.      <u>In the Alternative, the Information Sought by Plaintiff is Discoverable</u>

        a.      <u>Defendant Should Respond to Interrogatory 3</u>

In Interrogatory 3, Plaintiff requested that Defendant identify the individuals that it has interviewed relating to the allegations made in Plaintiff's complaint and any documentation summarizing or memorializing any such interviews or statements.

Defendant objected on the grounds that the interrogatory "seeks the discovery of information protected to [sic] the work-product and attorney-client privileges."

In addition to the fact that Defendant's objection fails to meet the requisite specificity requirements, it is meritless. First, Plaintiff's interrogatory was directed at Defendant, not defense counsel. Neither privilege relied upon by Defendant is applicable. Second, Plaintiff's interrogatory only requested that Defendant identify individuals and documentation. Providing such identification does not in any way infringe upon either privilege cited by Defendant. Accordingly, as the information sought by Plaintiff is clearly relevant and discoverable, this Court should direct Defendant to respond to Plaintiff's Interrogatory No. 3.

        b.     <u>Defendant Should Respond to Interrogatory 4, As Well As Requests for Production 12, 13, 20</u>

In Interrogatory 4, Plaintiff requested that Defendant identify any employees from 1997 to the present who have complained about age discrimination, as well as any documentation summarizing or memorializing any such complaint.

In Requests for Production 12 and 13, Plaintiff requests documents which refer or relate to two former employees, Barbara Lutin and Renee Holden, including, but not limited to formal or informal claims by each woman in connection with their termination of employment. In Request for Production 20, Plaintiff requests documents which refer or relate to any complaints of age discrimination filed by any of Defendant's current or former employees since January 1998.

Defendant objected to each of Plaintiff's requests, however, on the grounds that it is "overbroad, overly burdensome, it is not properly limited as to time, and it seeks information which is immaterial and irrelevant to this subject matter of this action, which will be inadmissible at the trial of the is action, and which is not reasonably calculated to lead to the discovery of admissible evidence."

Defendant's objections are unavailing. First, information related to individuals who have complained about being discriminated against by Defendant on the basis of age is discoverable in this case. The information sought by Plaintiff could potentially demonstrate that Defendant has discriminated against other individuals on the basis of their age or that it has an animus towards older employees. Additionally, Plaintiff notes that both the federal and state age discrimination claims assert, in part, that "Defendant has a pattern and practice of discriminating against older employees in which it forces older, long term employees out of their employment, replacing them with younger employees." (*See* First Am. Compl. Count One, Par. 34, Count Two, Par. 39.)

Moreover, the fact that Defendant claims that producing the identities of all the employees who have complained about age discrimination along with any accompanying documentation would be "overly burdensome" lends credence to Plaintiff's contention that Defendant discriminates against employees on the basis of their age. In fact, if the list of individuals it has discriminated against on the basis of age is so voluminous that producing it would be "overly burdensome," then Defendant must routinely engage in such discrimination as a matter of policy and practice. The identity of so many individuals who, like Plaintiff, have been discriminated against by Defendant on the basis of their age could well be probative of age discrimination against Plaintiff.

Accordingly, this Court should direct Defendant to disclose the identity of past employees who, during the period of 1998 to present, claimed to be discriminated against by Defendant on the basis of their age, along with any related documentation in accordance with Interrogatory No. 4 and produce the documents requested in Requests for Production 12, 13, and 20.

c.    Defendant Should Respond To Interrogatory 5, As Well As
      Requests for Production No. 21, 22, and 23

In Interrogatory No. 5, Plaintiff requests the identity of all the employees

Defendant has terminated since July 31, 2000, along with the age of the employee at the

time of hire and termination, the individual responsible for the decision to terminate the

employee, the cost to the Defendant to employ the employee, as well as the reason for the

employee's termination.

In Requests for Production 21, 22, and 23, Plaintiff seeks documents which refer

or relate to any employee Defendant terminated since January 1998 who was older than

40, 50, and 60 years of age, respectively, at the time of termination.

Defendant objected to each and employed the identical boilerplate language used

in its objection to Interrogatory No. 4.

Once again, Defendant's objections are without merit.  The information sought by

Plaintiff in these discovery requests is discoverable because it could lead to admissible

evidence.  Defendant's responses could potentially reveal that Defendant routinely

terminates older individuals, that they were all terminated by the same individual, and for

the same potentially pretextual reason.  Again, Plaintiff notes that he has duly pleaded

pattern and practice discrimination in this case.  Such evidence could be used as

circumstantial evidence from which a fact-finder could infer a discriminatory animus.

Moreover, the fact that Defendant claims that producing all the documents

relating to the employees over age 40 who Defendant has terminated would be "overly

burdensome" further substantiates Plaintiff's claim that Defendant discriminates against

its employees on the basis of age.  Accordingly, this Court should order Defendant to respond to Plaintiff's Interrogatory No. 5 and produce the documents requested in Requests for Production No. 21, 22, and 23.

   d. <u>Defendant Should Produce Documents Sought In Requests for Production No. 1 and 2.</u>

  In his Request for Production No. 1 and 2, Plaintiff requests that Defendant produce copies of all documents identified in response to and relied upon in answering the foregoing interrogatories.

  Even though it refused to identify any documents or answer any of the foregoing interrogatories, Defendant objected to the requests for production because they were "overbroad, vague, and ambiguous, and fails to specify documents or categories of documents with reasonable particularity as required by Rule 34(b)."

  Defendant's objection is puzzling.  Defendant did not identify any documents nor did it answer any of the foregoing interrogatories, yet it objected to Plaintiff's request because it was overbroad, vague, and ambiguous.  Plaintiff maintains that this interrogatory is clear—it asks to produce documents relied upon in answering the interrogatories and/or identified.  Plaintiff also maintains that this is a legitimate production request and should therefore be answered.

   e. <u>Defendant Should Produce Documents Sought in Requests for Production No. 6, 7, and 25</u>

  In his Requests for Production No. 6, 7, and 25, Plaintiff requests that Defendant produce copies of the minutes of all Board of Trustee meetings and all executive session meetings held by the Board of Trustees in which Plaintiff's job performance was

discussed since January 1, 1998, along with any notes or other correspondence which refer or relate to any such meetings.

Defendant objected to each on the grounds that the request was overly broad and burdensome, not properly limited as to time, the information sought is immaterial and irrelevant, and it is not reasonably calculated to the discovery of admissible evidence.

Notwithstanding the fact that Defendant has not met its burden by explaining why the request is burdensome, immaterial or irrelevant, Defendant's assertions are erroneous. The minutes of Board of Trustee meetings and executive session meetings are relevant and material to the allegations made by Plaintiff. First, Plaintiff was effectively terminated by a decision of the Board of Trustees at an executive session meeting. The minutes of meetings where Plaintiff's job performance was discussed both in the years leading up to his termination and immediately prior to the Board's decision to not renew Plaintiff's contract are all discoverable. The minutes of meetings could possibly contain evidence that Plaintiff performed his job very well and could be used to rebut Defendant's contention that Plaintiff was terminated for performance reasons. The minutes of more recent meetings where the Board discussed the decision to not renew Plaintiff's contract could possibly reveal the Board's "true" motivation for discharging Plaintiff. Accordingly, Defendant should produce the documents Plaintiff requests.

f.     Defendant Should Produce Documents Sought in Requests for Production No. 8, 9, 14, 15, 16, 17, and 18

In Requests for Production No. 8, 9, 14, 15, 16, 17, and 18 Plaintiff requests all documents which concern, refer or relate to Plaintiff's job performance since January, 1998, including e-mails, performance reviews, and documents authored or co-authored by Stuart Bernstein, Susan Kallor, Ann Brandwein, and Gary Starr, as well as copies of

all documents which support Defendant's contention that Plaintiff's job performance was deficient.

Defendant objected, contending that the documents sought were protected by both the work-product and attorney-client privileges because the documents were prepared in anticipation of litigation or for trial by the defendant or its representatives.

Notwithstanding the fact that Defendant's objections utterly fail to satisfy the requirements of Rule 26(b)(5) and Local Rule 9(d), they are without merit. Plaintiff requests documents relating or referring to Plaintiff's job performance dating back to 1998. Defendant contends that disclosure of those documents would violate the attorney-client privilege or the work-product privilege because they were prepared in anticipation of litigation. First, Defendant's assertion does not pass the "smell-test." Defendant apparently expects Plaintiff, as well as this Court, to believe that every document relating or referring to Plaintiff's job performance for the four years preceding the Board's decision to not renew his contract contain information that contain privileged communications between Defendant, its representatives, and Defendant's counsel. In addition, Defendant would like Plaintiff, as well as this Court, to believe that Defendant was preparing documents relating to Plaintiff's job performance in anticipation of litigation several years before it terminated Plaintiff's employment and before the commencement of this action. Such assertions defy common-sense.

Second, to the extent that such documents were privileged, as Defendant contends, Defendant presumably shared these documents relating to Plaintiff's performance with others. Therefore, any privilege that did allegedly exist would have been destroyed. But, since Defendant has failed to meet its burden of establishing the

elements of the privileges that it asserts and has refused to provide the specific information required under Rule 26(b)(5), it is impossible for Plaintiff to rebut Defendant's claims of privilege without relying on speculation grounded in common sense. The nature of Plaintiff's response is indicative of the difficulty which is caused when an objecting party fails to comply with the requirements of Rule 26(b)(5) and Local Rule 9(d). Accordingly, as the documents sought by Plaintiff cannot conceivably be protected by the privileges which Defendant asserts, the Court should order Defendant to produce the documents Plaintiff seeks.

g.    Defendant Should Produce Documents Sought in Requests for Production 10, 11, and 24

In his Requests for Production No. 10, 11, and 24, Plaintiff requested documents relating to his employment with Defendant, including those documents which demonstrate that his performance was satisfactory or better or less than satisfactory from 1997 until the date of his termination.

Defendant objected on the grounds that Plaintiff's requests were vague, ambiguous, argumentative, overbroad, overly burdensome, and not properly limited as to time.

Notwithstanding the fact that Defendant has failed to provide specifics and/or explain the basis for its objections, the information Plaintiff seeks is discoverable because it could possibly lead to the discovery of evidence that would rebut Defendant's oft-repeated assertion that Plaintiff's job performance was so poor that it necessitated Plaintiff's termination. Accordingly, this Court should order Defendant to produce the documents requested in Requests for Production 10, 11, and 24.

h.    <u>Defendant Should Produce Documents Requested in
Request for Production No. 19</u>

In Request for Production 19, Plaintiff requested all documents that refer or relate
to Janice Margolis, including all documents relating to Defendant's decision to hire Ms.
Margolis as its new Executive Director.

Defendant objected to the request because it was overly broad, overly
burdensome, not properly limited as to time, seeks inadmissible, immaterial, and
irrelevant information, and it will not lead to discovery of admissible evidence.

The information Plaintiff seeks in his Request for Production 19 is discoverable
because it could possibly lead to the evidence that the individual who Defendant hired to
replace Plaintiff was younger, less experienced, and less qualified.  Each of those facts
would support Plaintiff's claim that Defendant terminated his employment because of his
older age.  Accordingly, Defendant should produce the documents Plaintiff requests.

i.    <u>Defendant Should Produce the Documents Requested in
Requests for Production No. 26, 27, and 30</u>

In Requests for Production 26, 27, and 30, Plaintiff requests documents not
produced in response to the foregoing requests that contain a reference to Plaintiff or the
termination of his employment.

Defendant objected on the grounds that Plaintiff's requests were overbroad,
overly burdensome, vague and ambiguous, and not properly limited as to time or subject
matter.

Notwithstanding the fact that Defendant's generalized objections lack the required specific explanations, Defendant should produce the documents requested because they could lead to the discovery of admissible evidence about Plaintiff's performance or the circumstances that led to his termination. Accordingly, this Court should order Plaintiff to comply with the said production requests.

C.     The Court Should Award Plaintiff Attorneys' fees and Costs as a result of Sanction Defendant For Its Refusal to Confer With Plaintiff Regarding These Discovery Requests And Award Plaintiff The Costs Incurred in Filing This Motion

In addition to refusing to answer or comply with any of Plaintiff's discovery requests, Defendant has refused the undersigned's repeated efforts to discuss the discovery disputes that necessitated this Motion. Between December, 2003, and August, 2004, the undersigned sent two letters (attached as exhibits to Ex. 1 and 2 to Affidavit of William G. Madsen, Ex. C) and made at least one phone call to defense counsel clearly expressing a desire to confer and discuss Defendant's objections and its failure to respond. (*See* Affidavit of William G. Madsen, attached hereto as Ex. C) Despite Plaintiff's repeated efforts, defense counsel never sent a letter in response, nor did he return any of the undersigned's phone calls. Defendant's conduct which necessitated this Motion demonstrates a violation of the Federal Rules and Local rules governing discovery. Accordingly, this Court should award Plaintiff's attorney's fees and costs incurred in filing this motion.

Plaintiff is entitled to attorney's fees and costs incurred in filing this Motion pursuant to the Federal Rules of Civil Procedure, the Local Rules for the District of Connecticut, as well as 28 U.S.C. § 1927.

1.     Rule 37(a)(4)

Rule 37(a)(4) provides that if a party's motion to compel is granted, "the court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . ." Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

Therefore, Plaintiff should be awarded attorney's fees and costs under this provision if the Court grants his motion to compel. *See Szatanek v. McDonnell Douglas Corp.*, 109 F.R.D. 37, 41 (W.D.N.Y. 1985).

    2. <u>Rule 37(d)</u>

Rule 37(d) provides that if a party "fails . . . to serve answers or objections to interrogatories submitted under Rule 33 . . . or . . . to serve a written response to a request . . . submitted under Rule 34, the court may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37(d)(2) & (3). "In lieu of any order, or in addition thereto, the court **shall require** the party failing to act or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d) (emphasis added).

As Defendant has clearly failed to serve answers or objections to Plaintiff's Interrogatories 1, 2, and 6, as well as written responses or objections to Plaintiff's Requests for Production 3, 4, 5, 28, and 29, and its failure was not substantially justified, Rule 37(d) requires that Defendant pay Plaintiff the costs incurred in filing this Motion. *See Williams v. National Housing Exchange Inc.*, 165 F.R.D. 405, 411-12 (S.D.N.Y.

1996); *Dreiek Finanz AG v. Sun*, No. 89 Civ. 4347, 1990 WL 48071 (S.D.N.Y. Apr. 10, 1990).

          3.        <u>Local Rule 37(a)(4)</u>

Local Rule 37(a)(4) provides that

> [w]here a party has sought or opposed discovery which has
> resulted in the filing of a motion, and that party's position is not
> warranted under existing law and cannot be supported by good
> faith argument for extension, modification or reversal of existing
> law, sanctions **will** be imposed in accordance with applicable law.
> If a sanction consists of or includes a reasonable attorney's fee, the
> amount of such attorney's fee **shall** be calculated by using the
> normal hourly rate of the attorney for the party in whose favor a
> sanction is imposed can demonstrate that such amount is
> unreasonable in light of all the circumstances.

D. Conn. L. Civ. R. 37(a)(4) (emphasis added).  Defendant cannot contend that its

objections, nor its failure to respond to many of Plaintiff's discovery requests, were

warranted under existing law or supported by good faith arguments in favor of the

extension of existing law.  Furthermore, Defendant cannot contend that it acted in good

faith by refusing to confer with the undersigned, despite the three letters written and the

repeated phone calls made by the undersigned to defense counsel.  Accordingly, this

Court should order that Defendant pay the attorney's fees incurred by Plaintiff in filing

this Motion at the undersigned's normal hourly rate pursuant to Local Rule 37(d)(4).

      As a result of Defendant's refusal to respond to any of Plaintiff's discovery

requests and its decision to disregard the undersigned's attempts to confer regarding the

discovery disputes, Plaintiff was forced to file this Motion, incurring attorney's fees.

Therefore, as the undersigned has made good faith efforts to confer with defense counsel

and resolve the discovery disputes without involving the Court, (*see* Affidavit of William

G. Madsen, attached hereto as Ex. C), this Court should issue an order requiring

Defendant and/or its counsel to reimburse Plaintiff in the amount the costs incurred in filing this Motion.  As set forth in the accompanying affidavit of Attorneys Fees, attached hereto as Exhibit D, the total fees to date amounts to $2810.00.  Given that fees will likely continue to be incurred in connection with this motion (such as in preparing a Reply to the Defendant's anticipated Opposition Memorandum), Plaintiff reserves the right to file a supplemental Affidavit of Attorneys' fees if and when this Court determines that said fees should be awarded.

**IV.     CONCLUSION**

For the foregoing reasons, this Court should order Defendant to comply with each and every one of Plaintiff's discovery requests and award Plaintiff attorney's fees for the costs incurred in filing this Motion.

PLAINTIFF,
DAVID RURAN


By:_____/s/_____
        William G. Madsen (ct09853)
MADSEN, PRESTLEY & PARENTEAU LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106
(860) 246-2466 (tel.)
(860) 246-1794 (fax)
Attorneys for the Plaintiff


**CERTIFICATION OF SERVICE**

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on the 8th day of September, 2004 to the following counsel of record:

Mark A. Newcity, Esq.
Fitzhugh, Parker & Alvaro LLP
One Constitution Plaza, Suite 900
Hartford, CT 02110

_____/s/_____
William G. Madsen