UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DAVID RURAN,** | : | CIVIL ACTION NUMBER |
| **Plaintiff,** | : | |
| | : | 3: 03 CV 452 (CFD) |
| V. | : | |
| | : | |
| **BETH EL TEMPLE OF WEST** | : | |
| **HARTFORD, INC.,** | : | |
| **Defendant** | : | September 29, 2003 |

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiff **David Ruran**, hereby requests that **Beth El Temple of West Hartford, Inc.** respond to the following Interrogatories, under oath, within thirty days of receipt to the offices of Madsen, Prestley & Parenteau, LLC, 44 Capitol Ave., Suite 201, Hartford, Connecticut, 06106 in accordance with the instructions set forth herein.

**INSTRUCTIONS**

A.    Production of documents, unless otherwise specified or agreed upon by counsel, is to be made to William G. Madsen, Madsen, Prestley & Parenteau, LLC, 44 Capitol Ave., Suite 201, Hartford, Connecticut, 06106, within 30 days of service.  Defendant is required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond them with the categories in the request.  Other than photographic negatives, it shall be sufficient to supply true and legible copies of the original documents.

1

B.  These requests for production are to be considered continuing in nature so as to require supplemental answers within a reasonable period of time if additional information or documents are obtained by Defendant or its counsel which will change, modify or augment Defendant's initial answer or production.

## DEFINITIONS

A.  Unless otherwise specified, "You", "your", and "Defendant" refers to **Beth El Temple of West Hartford, Inc.** and includes any related companies, subsidiaries, divisions, business units, and all such entities' agents, servants, attorneys, employees, representatives, trustees, directors, and all other persons acting, understood to act, or purporting to act in Defendant's behalf or under Defendant's direction or control.

B.  "Person" includes natural persons, groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (i.e., as a committee, board of directors, etc.), corporations, divisions, subsidiaries, the federal government, state governments, local governments, governmental agencies, or any other incorporated or unincorporated business or social entity.

C.  When asked to "identify" a person, Defendant is required to furnish the following information:

(1)  If the person is a natural person, his full name, his last known residence address and telephone number, the identity of his employer and the address of his place of employment; and

(2)     If the person is an entity, the full name of the entity, the type of entity it is, and the address of the entity.

D.     Health care provider means any hospital, crisis clinic, medical or mental health care clinic, physician, psychiatrist, psychologist, social worker, counselor, therapist, physician's assistant, drug or alcohol counselor, physical or occupational therapist, family counselor, naturopath, chiropractor, nurse, nurse practitioner, mental health care nurse or any other person or entity who furnishes health care services.

E.     "Document" includes, but is not limited to, the originals and all non-identical copies of all letters, correspondence, calendars, telegrams, contracts, memoranda, intra- or inter-office memoranda, papers, notes, minutes, reports, studies, calendar and diary entries, maps, sketches, drawings, reproductions, photographs, telephone records, advertisements, pamphlets, periodicals, books, diaries, journals, graphs, charts, tabulations, analysis, working papers, indices, statistical or information accumulations, data sheets, data processing cards, tapes, sound recordings, audio or visual recordings, computer printouts, computer records, e-mails, computer archived data; documents maintained on disk or diskette, documents translatable from automatic computer backup files, computer records notes or recollections of interviews, notes or recollections of conferences, notes or recollections of telephone calls, notes or recollections of meetings, notes or recollections of any other type of communication, drafts or preliminary revisions of all of the above, and any other written, printed, typed or other graphic matter of any nature, no matter how produced or reproduced.

Any document containing a comment or notation is considered a separate document and any draft or preliminary form of any document is also considered a separate document.

F.      Documents "relating to" any given subject mean all materials that constitute, contain, embody, reflect, identify, state, refer to, deal with, or are in any way pertinent to that subject, including without limitation, documents which relate to the preparation of another document, or are attached to or constitute enclosures with another document.

G.      Each request herein for documents to be produced, whether memoranda, reports, letters, or other documents of any description, contemplates production of the document in its entirety, without abbreviation or expurgation.

H.      With respect to any information or document which is withheld in whole or in part on the ground of privilege, state with regard thereto:

(a)     the subject matter of the information or of the document;

(b)     the type of document for which the privilege is claimed (e.g., letter, memorandum, etc.);

(c)     the date of the document or information;

(d)     the author of the document or the communicator of the information, including the specific capacity in which such person acted in doing same;

(e)     the identity of each person who received the original or a copy thereof of the document or to whom the information or contents of the document was communicated, including the specific capacity in which such person received the document or information;

(f)     the nature and specific basis for the claim of privilege, including why such basis applies to the document or information in question.

I.      Each request for production listed herein shall be construed to include any supplemental documents responsive to these requests for production which are later discovered.

J.  Where documents are claimed to be outside the possession of the Defendant, please describe all efforts by the Defendant to obtain or locate the requested documents; identify the name and address of the person or entity whom the Defendant believes currently has possession, custody or control of the requested documents; and provide all information contained in the document which the Defendants has knowledge in lieu of producing the requested documents.

K.  Whenever appropriate, the singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular.

L.  Whenever appropriate, "he" or "his" shall be interpreted as "she" or "her".

M.  "And" and "or" shall be construed distinctively as necessary to make the interrogatory inclusive rather than exclusive.

N.  Unless otherwise indicated, each document request relates to the period from Plaintiff's date of hire until the date of the filing of Defendant's answers to these discovery requests.

**INTERROGATORIES**

1.  Please identify all documents which define the duties and responsibilities of Plaintiff's position as Executive Director as that position has existed from existed from 1994 to the present. In identifying said documents, please provide the following in accordance with Local Rule 39(c)(4): "(i) the type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), address(es) and recipient(s)."

2.  Please identify the individual(s) who made the decision to non-renew Plaintiff's contract of employment, thereby resulting in Plaintiff's termination employment. In answering this interrogatory, please summarize the nature of each person's role (e.g. whether they supplied information or rendered an opinion as to whether Plaintiff should be terminated). With respect to each individual identified, please provide the following in accordance with Local Rule 39(c)(3): "the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment."

3. Please identify (a) all persons from whom you have taken written or oral statements or with whom you have conducted interviews relating in any way to the matters alleged in the Plaintiff's complaint, and (b) an identification of any written statements provided by such persons, any notes, audio and/or visual recordings, or other documents summarizing or memorializing such statements or interviews. With respect to each individual identified, please provide the following in accordance with Local Rule 39(c)(3): "the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment." With respect to documents identified, please provide the following in accordance with Local Rule 39(c)(4): "(i) the type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), address(es) and recipient(s)."

4. Please identify (a) all persons employed by Defendant at any time from 1997 to the present who have made any statements or complaints of age discrimination or perceived age

discrimination, and (b) an identification of any written statements provided by such persons, any notes, audio and/or visual recordings, or other documents summarizing or memorializing such statements or interviews.  With respect to each individual identified, please provide the following in accordance with Local Rule 39(c)(3):  "the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment."  With respect to documents identified, please provide the following in accordance with Local Rule 39(c)(4): "(i) the type of document; (ii) its general subject matter; (iii) the date of the document; and (iv) author(s), address(es) and recipient(s).

5.  Please identify all individuals employed by Defendant who have been terminated at any time and for any reason since July 31, 2000. With respect to each individual identified, please provide the following in accordance with Local Rule 39(c)(3): "the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment." In addition, please provide the following information:

    a.  The age of the employee at the time of hire;

    b.  The age of the employee at the time of termination;

    c.  The person responsible for the decision to terminate the employee;

    d.  The cost to the Defendant to employ the employee on an annual basis (including, but not limited to, the amount of salary, benefits, insurance costs, etc.); and

    e.  The reason for the employee's termination.

6.  Please identify the person or persons answering each of the above listed interrogatories. If more than one person has answered a single interrogatory, please identify with precision the information provided by each person. With respect to each individual identified, please provide the following in accordance with Local Rule 39(c)(3): "the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment."

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  Please produce copies of all documents identified in response to the foregoing interrogatories.

2.  Please produce copies of all documents relied upon in answering the foregoing interrogatories

3.  Please produce all employee handbooks, plan documents, summary plan descriptions, and statements of material modifications pertaining to any and all benefit plans (such as health benefits, life insurance, pension, 401k, short term disability, and long term disability) applicable to the Plaintiff during his employment with Defendant since 1994.

4. Please produce Plaintiff's complete personnel file.

5. Please produce all non-privileged documents which concern, reflect, or relate to Plaintiff's claims of age discrimination against Defendant and/or Defendant's investigation into Plaintiff's claims of discrimination.

6. Please produce copies of the minutes of all Board of Trustee meetings held since January, 1, 1998.

7. Please produce copies of the minutes of all executive session meeting held by the Board of Trustees since January 1, 1998 in Plaintiff's job performance was discussed.

8. Please produce copies of all documents which refer or relate to Plaintiff's job performance since January 1, 1998.

9. Please produce copies of all documents which support Defendant's contention that Plaintiff's job performance was deficient.

10. Please produce copies of all documents which demonstrate that Plaintiff's job performance was satisfactory or better.

11. Please produce copies of all documents written by members or congregants of Defendant which concern Plaintiff and/or Plaintiff's performance as Executive Director.

12. Please produce all documents which refer or relate to Barbara Lutin, including but not limited to formal or informal claims made by Ms. Lutin in connection with her termination of employment.

13. Please produce all documents which refer or relate to Renee Holden, including but not limited to formal or informal claims made by Ms. Holden in connection with her termination of employment.

14. Please produce all documents authored or co-authored by Stuart Bernstein which refer or relate to Plaintiff's job performance since January 1, 1998.

15. Please produce all documents authored or co-authored by Susan Kallor which refer or relate to Plaintiff's job performance since January 1, 1998.

16. Please produce all documents authored or co-authored by Ann Brandwein which refer or relate to Plaintiff's job performance since January 1, 1998.

17. Please produce all documents authored or co-authored by Gary Starr which refer or relate to Plaintiff's job performance since January 1, 1998.

18. Please produce all documents which concern, reflect, or relate to Plaintiff's job performance, or which purport to concern, reflect or relate to Plaintiff's job performance, while employed with Defendant, including but not limited to, e-mails, and/or performance reviews.

19. Please produce all documents which refer or relate to Janice Margoluis, including all documents relating to Defendant's decision to hire Ms. Margoluis as its new Executive Director.

20. Please produce all documents which refer or relate to any complaint of age discrimination, whether formal or informal, filed by any of Defendant's current or former employees at any time from January 1, 1998 to the present.

21. Please produce all documents which refer or relate to any employee of Defendant terminated after January 1, 1998 who was more than forty (40) years old on the date of termination.

22. Please produce all documents which refer or relate to any employee of Defendant terminated after January 1, 1998 who was more than fifty (50) years old on the date of termination.

23. Please produce all documents which refer or relate to any employee of Defendant terminated after January 1, 1998 who was more than sixty (60) years old on the date of termination.

24. Please produce all documents which Defendant maintains demonstrates that Plaintiff's job performance was less than satisfactory from 1997 to the date of his termination with Defendant.

25. Please produce all documents, including but not limited to meeting minutes, notes, or other correspondence, which refer or relate to meetings held during which the Plaintiff or his work performance was discussed.

26. Please produce all documents not produced in response to the foregoing production requests which contain a reference to Plaintiff.

27. Please produce all documents which relate to Plaintiff.

28. Please produce a copy of all insurance policies, riders, and contracts which relate to any insurance coverage which Defendant has which might satisfy some or all of any judgment potentially obtained by Plaintiff in this litigation.

29. Please produce all documents which evidence or support Defendant's reason for terminating Plaintiff's employment.

30. Please produce all documents no produced in response to the foregoing which refer or relate to Defendant's termination of Plaintiff's employment.

        PLAINTIFF,
        DAVID RURAN


By: _____/s/_____
     William G. Madsen (ct 09853)
     Madsen, Prestley & Parenteau, LLC
     44 Capitol Ave., Suite 201
     Hartford, CT 06106
     (860) 246-2466 (tel.)
     (860) 246-1794 (fax)

**CERTIFICATION**

      This is to certify that on the 29th day of September, 2003, a copy of the foregoing was sent by advance facsimile and by first class mail, postage prepaid, to the following counsel of record:

Mark A. Newcity
Fitzhugh, Parker, & Alvaro, LLP
One Constitution Plaza, Suite 900
Hartford, CT 02110

Fax: (617) 695-2335

                                                             _____/s/_____
                                                             William G. Madsen