UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID RURAN, | : | CIVIL ACTION NO.: |
| | : | 3: 03 CV 452 (CFD) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| BETH EL TEMPLE OF | : | |
| WEST HARTFORD, INC., | : | |
| | : | |
| Defendant. | : | SEPTEMBER 29, 2004 |

## OPPOSITION TO MOTION TO COMPEL

The defendant, Beth El Temple of West Hartford, Inc., hereby opposes the Plaintiff's Motion to Compel, dated September 8, 2004. In support of this objection, counsel for the Defendant states the that the Plaintiff seeks to compel objections to the Plaintiff's discovery request, served on September 29, 2003. Upon receipt of such discovery requests, Defendant, Beth El Temple of West Hartford, Inc., in a timely manner filed objections to the Plaintiff's discovery request. The Defendant has not yet provided responsive documents to the Plaintiff's requests, but objects to this Motion to the extent that it seeks to compel the Defendant to produce any documents protected by the attorney-client privilege or any personnel file other than the Plaintiff's. The Defendant objects to the Plaintiff's Motion to compel the following documents:

1.   In Requests for production numbers 1 and 2, the plaintiff seeks to compel the Defendant to produce documents identified and relied upon in answering the interrogatories. This request is overly broad and to the extent that it includes documents protected by the attorney-client privilege. For example, Interrogatory number 3 requests the Defendant to identify all statements and interviews conducted by the Defendant relating to the Plaintiff's allegations. This would incorporate documents prepared by counsel and interviews between counsel and the Defendant, which are clearly privileged. The Defendant will produce all relevant documents, but

not those protected by the attorney-client privilege.

    2.    In Requests for production numbers 8, 9 and 10 the plaintiff seeks to compel the defendant to produce copies of all documents in connection with Plaintiff's job performance. Defendant agrees to produce such documents; however, the Defendant reserves its objections to producing documents seeking disclosure of information protected by the attorney-client privilege, such as any documents prepared by or with the assistance of counsel concerning the Plaintiff's allegations.

    3.    In Request for production number 11, the plaintiff seeks to compel the defendant to produce "all documents written by members or congregants of Defendant which concern Plaintiff's performance." This request is not limited as to time and is construed so broadly as to include documents that may be written by the defendant's attorney, who is the member of the defendant's congregation, and such documents are protected by attorney-client privilege. The Defendant will produce documents in its possession concerning the Plaintiff, but not if they are written by or with the assistance of counsel.

    4.    Request for production numbers 12 and 13 seeks to compel the Defendant to produce documentation from personnel files of the employees Barbara Lutin and Renee Holden. The plaintiff is seeking the personnel files on employees who are not a party to this action, and whose privacy should be protected. Information contained in non-party employee files have no relevance to the Plaintiff's claims of unlawful termination, and it constitutes private information protected from disclosure under C.G.S.§ 31-128F. The plaintiff has failed to move for an order allowing the release of non-party personnel files, has failed to obtain employees' permission to do so, and has failed to demonstrate the relevance or necessity of obtaining these materials to the prosecution of his claims.

5.    In Request for production numbers 14,15,16 and 17, the plaintiff seeks to compel the defendants to produce documents authored or co-authored by Stuart Bernstein, Susan Kallor, Ann Brandwein, and Gary Starr, which refer or relate to Plaintiff's job performance. Defendant will provide all documents in his possession, custody or control in compliance with these requests, only if they were not authored or co-authored by the defendant's attorney.

6.    Request for production numbers 20, 21 and 22 seeks to compel the defendant to produce all documents, which relate to any complaint of age discrimination, or employment termination of its employees older than 40 or 50 years old. The plaintiff is seeking information from the personnel files on employees who are not a party to this action, and whose privacy should be protected. Information contained in non-party employee files have no relevance to the plaintiff's claims of unlawful termination, and it constitutes private information protected from disclosure under C.G.S.§ 31-128F. The plaintiff has failed to move for an order allowing the release of non-party personnel files, has failed to obtain employees' permission to do so, and has failed to demonstrate the relevance or necessity of obtaining these materials to the prosecution of his claims. The personnel information for any employee who may have accused the plaintiff of age discrimination has nothing to do with the plaintiff's claims or any defense offered by the defendant.

7.    In further opposition to plaintiff's Motion to Compel, the Defendant submits an Affidavit of Attorney Mark A. Newcity attached hereto as Exhibit A.

WHEREFORE, the defendant, Beth El Temple of West Hartford, Inc. objects to the plaintiff's motion to compel.

                      **BETH EL TEMPLE OF**
                      **WEST HARTFORD, INC.**
                      By Its Attorneys,


                      __/s/_____
                      Mark A. Newcity
                      Fed Bar # ct07991
                      Fitzhugh, Parker & Alvaro LLP
                      One Constitution Plaza, Suite 900
                      Hartford, CT 02110
                      (860) 549-6803


## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been served, this 29th day of September, 2004 on all counsel and pro se parties of record, as follows.

William G. Madsen, Esq.
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106


                      __/s/_____
                      Mark A. Newcity
                      Commissioner of the Superior Court