UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID RURAN, | : | CIVIL ACTION NO.: |
| | : | 3: 03 CV 452 (CFD) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| BETH EL TEMPLE OF | : | |
| WEST HARTFORD, INC., | : | |
| | : | |
| Defendant. | : | SEPTEMBER 29, 2004 |

**AFFIDAVIT OF MARK A. NEWCITY IN SUPPORT OF OBJECTION TO MOTION TO COMPEL AND IN OPPOSITION TO REQUEST FOR ATTORNEYS FEES**

I, Mark A. Newcity, having first been duly sworn, do hereby state and depose as follows:

1. I am over the age of 18 and believe in the enforceability of an oath.

2. I am the counsel of record for the defendant Beth El Temple of West Hartford, Inc. in the above matter.

3. After receiving a letter dated July 7, 2004 from the plaintiff's counsel, Attorney William Madsen, I spoke with Attorney Madsen about extending the discovery deadline, resolving the defendant's objections to the plaintiff's discovery requests and the scheduling of depositions.

4. During the discussions with Attorney Madsen, the undersigned and Attorney Madsen scheduled a conference pursuant to Local Rule 9(d)2 for 10:30 a.m. on July 23, 2004.

5. On July 19, 2004, the undersigned began a trial in Newburyport, Massachusetts. When it became clear to the undersigned that this trial would not be concluded prior to July 23, 2004 when the above discovery conference was scheduled, I instructed my paralegal Elizabeth Howar to contact Attorney Madsen to reschedule the conference. On or about July 22, 2004, Ms. Howar did contact Attorney Madsen or someone in his office and informed the plaintiff's counsel that I could not confer on July 23, 2004 as planned, but would contact Attorney Madsen when I returned from my vacation on August 2, 2004.

6. The above trial concluded during the afternoon of July 23, 2004 and I was on vacation the week of July 26, 2004.

7. On August 2, 2004, when I returned from vacation, I called Attorney Madsen to confer about the aforementioned discovery issues. I left a voicemail message for Attorney Madsen in which I told him that I would be in the office all day on August 4, 5 and 6 and that he could call me at any time on those days to conduct our conference. I did not receive any return calls from Attorney Madsen.

8. On or about August 18, 2004, after receiving Attorney Madsen's August 12, 2004 letter, I placed a call to Attorney Madsen's office. Attorney Madsen was not in the office or available at that time, so I left a message that he should call me at his earliest convenience. I did not receive any return calls or communications in response to this call.

9. After receiving Attorney Madsen's Motion to Compel, I have left several voicemail messages for him to contact me to discuss his motion and to resolve any discovery issues. None of these telephone calls have been returned.

Signed under the pains and penalties of perjury this 29th day of September, 2004.

_/s/_____
Mark A. Newcity

Subscribed and sworn to before me
this 29th day of September, 2004.

__/s/_____
Notary Public
My Commission expires: