UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

DAVID RURAN,                            : CIVIL ACTION NO. A II: 00
                                        : 3: 03 CV 452 (CFD)
        Plaintiff,                      :
v.                                      :
                                        :
BETH EL TEMPLE OF                       :
WEST HARTFORD, INC.,                    :
                                        :
        Defendant.                      : SEPTEMBER 29, 2004

## OPPOSITION TO MOTION TO COMPEL

The defendant, Beth El Temple of West Hartford, Inc., hereby opposes the Plaintiff's

Motion to Compel, dated September 8, 2004. In support of this objection, counsel for the

Defendant states the that the Plaintiff seeks to compel objections to the Plaintiff's discovery

request, served on September 29, 2003. Upon receipt of such discovery requests, Defendant,

Beth El Temple of West Hartford, Inc., in a timely manner filed objections to the Plaintiff's

discovery request. The Defendant has not yet provided responsive documents to the Plaintiff's

requests, but objects to this Motion to the extent that it seeks to compel the Defendant to produce

any documents protected by the attorney-client privilege or any personnel file other than the

Plaintiff's. The Defendant objects to the Plaintiff's Motion to compel the following documents:

1.      In Requests for production numbers 1 and 2, the plaintiff seeks to compel the

Defendant to produce documents identified and relied upon in answering the interrogatories.

This request is overly broad and to the extent that it includes documents protected by the

attorney-client privilege. For example, Interrogatory number 3 requests the Defendant to identify

all statements and interviews conducted by the Defendant relating to the Plaintiff's allegations.

This would incorporate documents prepared by counsel and interviews between counsel and the

Defendant, which are clearly privileged. The Defendant will produce all relevant documents, but

not those protected by the attorney-client privilege.

2.      In Requests for production numbers 8, 9 and 10 the plaintiff seeks to compel the defendant to produce copies of all documents in connection with Plaintiff's job performance. Defendant agrees to produce such documents; however, the Defendant reserves its objections to producing documents seeking disclosure of information protected by the attorney-client privilege, such as any documents prepared by or with the assistance of counsel concerning the Plaintiff's allegations.

3.      In Request for production number 11, the plaintiff seeks to compel the defendant to produce "all documents written by members or congregants of Defendant which concern Plaintiff's performance." This request is not limited as to time and is construed so broadly as to include documents that may be written by the defendant's attorney, who is the member of the defendant's congregation, and such documents are protected by attorney-client privilege. The Defendant will produce documents in its possession concerning the Plaintiff, but not if they are written by or with the assistance of counsel.

4.      Request for production numbers 12 and 13 seeks to compel the Defendant to produce documentation from personnel files of the employees Barbara Lutin and Renee Holden. The plaintiff is seeking the personnel files on employees who are not a party to this action, and whose privacy should be protected. Information contained in non-party employee files have no relevance to the Plaintiff's claims of unlawful termination, and it constitutes private information protected from disclosure under C.G.S.§ 31-128F. The plaintiff has failed to move for an order allowing the release of non-party personnel files, has failed to obtain employees' permission to do so, and has failed to demonstrate the relevance or necessity of obtaining these materials to the prosecution of his claims.

2

5.    In Request for production numbers 14,15,16 and 17, the plaintiff seeks to compel the defendants to produce documents authored or co-authored by Stuart Bernstein, Susan Kallor, Ann Brandwein, and Gary Starr, which refer or relate to Plaintiff's job performance. Defendant will provide all documents in his possession, custody or control in compliance with these requests, only if they were not authored or co-authored by the defendant's attorney.

6.    Request for production numbers 20, 21 and 22 seeks to compel the defendant to produce all documents, which relate to any complaint of age discrimination, or employment termination of its employees older than 40 or 50 years old. The plaintiff is seeking information from the personnel files on employees who are not a party to this action, and whose privacy should be protected.  Information contained in non-party employee files have no relevance to the plaintiff's claims of unlawful termination, and it constitutes private information protected from disclosure under C.G.S.§ 31-128F.  The plaintiff has failed to move for an order allowing the release of non-party personnel files, has failed to obtain employees' permission to do so, and has failed to demonstrate the relevance or necessity of obtaining these materials to the prosecution of his claims.  The personnel information for any employee who may have accused the plaintiff of age discrimination has nothing to do with the plaintiff's claims or any defense offered by the defendant.

7.    In further opposition to plaintiff's Motion to Compel, the Defendant submits an Affidavit of Attorney Mark A. Newcity attached hereto as Exhibit A.


WHEREFORE, the defendant, Beth El Temple of West Hartford, Inc. objects to the plaintiff's motion to compel.


3

**BETH EL TEMPLE OF
WEST HARTFORD, INC.**
By Its Attorneys,

Mark A. Newcity
Fed Bar # ct07991
Fitzhugh, Parker & Alvaro LLP
One Constitution Plaza, Suite 900
Hartford, CT 02110
(860) 549-6803

## CERTIFICATION

  This is to certify that a copy of the foregoing has been served, this 29th day of September, 2004 on all counsel and pro se parties of record, as follows.

William G. Madsen, Esq.
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106

Mark A. Newcity
Commissioner of the Superior Court

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID RURAN, | : | CIVIL ACTION NO.: |
| | : | 3: 03 CV 452 (CFD) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| BETH EL TEMPLE OF | : | |
| WEST HARTFORD, INC., | : | |
| | : | |
| Defendant. | : | SEPTEMBER 29, 2004 |

## AFFIDAVIT OF MARK A. NEWCITY IN SUPPORT OF OBJECTION TO MOTION TO COMPEL AND IN OPPOSITION TO REQUEST FOR ATTORNEYS FEES

I, Mark A. Newcity, having first been duly sworn, do hereby state and depose as follows:

1.  I am over the age of 18 and believe in the enforceability of an oath.

2.  I am the counsel of record for the defendant Beth El Temple of West Hartford, Inc. in the above matter.

3.  After receiving a letter dated July 7, 2004 from the plaintiff's counsel, Attorney William Madsen, I spoke with Attorney Madsen about extending the discovery deadline, resolving the defendant's objections to the plaintiff's discovery requests and the scheduling of depositions.

4.  During the discussions with Attorney Madsen, the undersigned and Attorney Madsen scheduled a conference pursuant to Local Rule 9(d)2 for 10:30 a.m. on July 23, 2004.

5.  On July 19, 2004, the undersigned began a trial in Newburyport, Massachusetts. When it became clear to the undersigned that this trial would not be concluded prior to July 23, 2004 when the above discovery conference was scheduled, I instructed my paralegal Elizabeth Howar to contact Attorney Madsen to reschedule the conference. On or about July 22, 2004, Ms. Howar did contact Attorney Madsen or someone in his office and informed the plaintiff's counsel that I could not confer on July 23, 2004 as planned, but would contact Attorney Madsen when I returned from my vacation on August 2, 2004.

6.  The above trial concluded during the afternoon of July 23, 2004 and I was on vacation the week of July 26, 2004.

7.    On August 2, 2004, when I returned from vacation, I called Attorney Madsen to confer about the aforementioned discovery issues. I left a voicemail message for Attorney Madsen in which I told him that I would be in the office all day on August 4, 5 and 6 and that he could call me at any time on those days to conduct our conference. I did not receive any return calls from Attorney Madsen.

8.    On or about August 18, 2004, after receiving Attorney Madsen's August 12, 2004 letter, I placed a call to Attorney Madsen's office. Attorney Madsen was not in the office or available at that time, so I left a message that he should call me at his earliest convenience. I did not receive any return calls or communications in response to this call.

9.    After receiving Attorney Madsen's Motion to Compel, I have left several voicemail messages for him to contact me to discuss his motion and to resolve any discovery issues. None of these telephone calls have been returned.

Signed under the pains and penalties of perjury this 29th day of September, 2004.

Mark A. Newcity

Subscribed and sworn to before me
this 29th day of September, 2004.

Notary Public
My Commission expires: Sept 29, 2007