UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DAVID RURAN,** | : | **CIVIL ACTION NO** |
| **Plaintiff,** | : | |
| | : | **3:03 CV 452 (CFD)** |
| **V.** | : | |
| | : | |
| **BETH EL TEMPLE OF WEST** | : | |
| **HARTFORD, INC.,** | : | |
| **Defendant** | : | **October 14, 2004** |

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO COMPEL AND FOR ATTORNEY'S FEES

**I.    INTRODUCTION**

Plaintiff, David Ruran, hereby replies to Defendant's Opposition to Motion to Compel, dated September 29, 2004[1]. In its Opposition, Defendant, Beth El Temple of West Hartford, Inc., fails to rebut the arguments put forth by Plaintiff in his Motion to Compel. Instead, Defendant merely reiterates that it will not "produce any documents protected by the attorney-client privilege or any personnel file other than the Plaintiff's." (Opposition at 1.) Further, even though more than one month has passed since Plaintiff served his Motion to Compel upon Defendant, Defendant admits that it "has not yet provided responsive documents to the Plaintiff's requests," (Opposition at 1), even though Defendant apparently had time to research, compose, and submit its Opposition to

---

[1] Defendant's Opposition is technically late. Plaintiff filed his Motion to Compel on September 8, 2004. Under Local Rule 7(a)(1) and the Clerk's docket notation, Defendant had until September 29, 2004 to file his Opposition. Defendant "e-filed" the Opposition without being under any order from this Court to do so and without any consent from the undersigned. The Office of the Clerk stamped Defendant's Opposition received on October 4, 2004. To the extent that this Court would require Defendant to file a motion for permission to file out of time, however, the undersigned would have no objection to the granting of any such motion.

Plaintiff's Motion.[2]  Thus, to the extent that Defendant does not rebut arguments put forth by Plaintiff in his Motion to Compel, it concedes the merit of Plaintiff's contentions and waives any available objections.  Further, to the extent that Defendant has failed to remedy the inadequacies of its assertions of the attorney-client privilege, it should be required to comply with those discovery requests to which it objects solely on the basis of privilege.  Finally, this Court should award Plaintiff the attorney's fees incurred in filing this motion.

## II.    ARGUMENT

### A.    Defendant Concedes the Merits of Each Argument Put Forth by Plaintiff

In his Motion to Compel, Plaintiff put forth several arguments, on the basis of which he claimed that Defendant should be required to comply with Plaintiff's discovery requests.  Among the arguments made by Plaintiff were that (1) Defendant must respond to all interrogatories and production requests to which it has failed to object, including Interrogatories 1, 2, and 6, as well as Requests for Production 3, 4, 5, 28, and 29 (Motion to Compel at 4-6); (2) Defendant's boilerplate generalized objections to Interrogatories 4 and 5, as well as Requests for Production 1, 2, 6, 7, 10, 11, 12, 13, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 30, were inadequate as a matter of law (Motion to Compel at 6-9); (3) Defendant's objections based on privilege to Interrogatory 3 and Requests for Production 8, 9, 14, 15, 16, 17, and 18 are inadequate as a matter of law (Motion to Compel at 10-12); and (4) in the alternative, each of Plaintiff's discovery requests sought discoverable information and documents (Motion to Compel at 12-21).  Finally, Plaintiff argued that he was entitled to attorney's fees.  (Motion to Compel at 21-24.)  As Defendant does not

---

[2] Defendant's failure to provide responsive documents to Plaintiff's discovery requests is especially egregious in light of the fact that Plaintiff served Defendant with his discovery requests over one year ago on September 29, 2003.

2

rebut any of these arguments put forth by Plaintiff in his Motion to Compel, it concedes the merits of each. *See United States v. Real Property Identified as: Parcel 03179-005R*, 287 F. Supp. 2d 45, 61 (D.D.C. 2003). Therefore, Plaintiff's Motion to Compel should be granted in its entirety.

In the alternative, Plaintiff's Motion to Compel should be granted for each Interrogatory or Request for Production to which Defendant has apparently abandoned its objection. In his Motion to Compel, Plaintiff moved this Court to compel Defendant to comply with each of his discovery requests, including Interrogatories 1, 2, and 6, as well as Requests for Production 3, 4, 5, 6, 7, 18, 19, 23, 24, 25, 26, 27, 28, 29, and 30. In its Opposition, Defendant neither rebuts any of Plaintiff's arguments, nor reiterates its original objections, regarding any of those discovery requests. Accordingly, as Defendant has apparently abandoned its objections to those discovery requests, this Court should summarily grant Plaintiff's Motion to Compel as to Plaintiff's Interrogatories 1, 2, and 6, as well as Requests for Production 3, 4, 5, 6, 7, 18, 19, 23, 24, 25, 26, 27, 28, 29, and 30. Such a statement from the Court is necessary because even though Defendant has apparently abandoned its objections to those discovery requests, it has failed to provide any documents or information in response to Plaintiff's requests – even though it has apparently had time to research, compose, and file its Opposition to Plaintiff's Motion to Compel. Defendant's conduct is especially unjustified in light of the fact that Defendant was served with Plaintiff's Interrogatories and Requests for Production over a year ago and, to date, **has not provided one interrogatory answer or a single document** to Plaintiff in response.

    B.    <u>Defendant's Reiterations of its Claims to Attorney-Client Privilege Remain Inadequate as a Matter of Law</u>

3

Instead of opposing Plaintiff's argument that Defendant waived its privilege claims because Defendant's objections based on attorney-client privilege were inadequate as a matter of law, or remedying any of the inadequacies illustrated by Plaintiff in his Motion to Compel, Defendant merely reiterates its refusal to disclose any documents requested in Interrogatory 3, (Opposition ¶ 1), and Requests for Production 8, 9, 10, 11, 14, 15, 16, and 17, (Opposition ¶¶ 2, 3, and 5), for which it claims a privilege. For the reasons set forth in Plaintiff's Motion to Compel, Defendant's claims of privilege remain inadequate as a matter of law and they should be disregarded accordingly. (*See* Motion to Compel at 10-12.)

In addition, Defendant is not entitled to claim the protection of the attorney-client privilege for documents requested in Requests for Production 10 and 11 at this point because Defendant did not originally object to those discovery requests on the basis of any privilege. (*See* Def's Objections to Plaintiff's Requests for Production 10 and 11, attached to Plaintiff's Motion to Compel as Ex. B) ("The defendant objects to this request on the grounds that it is vague, ambiguous, and argumentative" and "The defendant objects to this request on the grounds that it is overbroad, overly burdensome, it is not properly limited as to time").

One of the many ways in which Defendant's reiterated claims of privilege fail to comply with the requirements of Federal Rule 26(b) and Local Rule 9(d) is that Defendant has not stated the author of the documents which it claims are privileged. Consequently, Defendant's statements that some of Plaintiff's requests may "include documents that may be written by the defendant's attorney, who is the member of the defendant's congregation," (Opposition ¶ 3), and that it will not provide documents

4

which were "authored or co-authored by the defendant's attorney," (Opposition ¶ 5), are ambiguous as to the identity of "the defendant's attorney." Since Attorney Newcity is the only counsel of record for Defendant in this case, and Defendant does not state that its use of the term "the defendant's attorney" is intended to reference the existence of a relationship between Defendant and another attorney, Plaintiff will proceed as if Attorney Newcity is "the defendant's attorney" referenced in Defendant's Opposition.

      C.      <u>Defendant Improperly Relies on General Statutes Section 31-128f</u>

In its Objections to Plaintiff's Interrogatories and Requests for Production, dated October 31, 2003, Defendant objected to Plaintiff's Requests for Production No. 12, 13, 20, 21, and 22 by using boilerplate, generalized objections that lacked any specificity. (*See* Defendant's Objections to Plaintiff's Interrogatories and Requests for Production, dated October 31, 2003, attached to Plaintiff's Motion to Compel as Ex. B.) ("The defendant objects to this request on the grounds that it is overbroad, overly burdensome, it is not properly limited as to time, and it seeks information which is immaterial and irrelevant to this subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence."). Consequently, as Plaintiff illustrated in his Motion to Compel, those objections were inadequate as a matter of law. (*See* Motion to Compel at 6-9.)

In its Opposition, however, eleven months after it served Plaintiff with its initial objections, Defendant attempts to rely on a new legal basis for its refusal to comply with Plaintiff's discovery requests. Now, Defendant refuses to comply with Requests for Production 12, 13, 20, 21, and 22 on the basis of Connecticut General Statutes § 31-128f. Defendant's newly fashioned objections are expressly prohibited by Rule 33(b)(4) of the

5

Federal Rules of Civil Procedure, which states that "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed. R. Civ. P. 33(b)(4). Rule 33(b)(3) makes clear that any objection not served "within thirty days after the service of the interrogatories" is not timely. *See* Fed. R. Civ. P. 33(b)(3). Therefore, as Defendant has not shown "good cause" for its failure to object on the basis of § 31-128f in its original objections – or the intervening eleven months, Defendant is prohibited from relying on § 31-128f at this time as a means to frustrate Plaintiff's attempts to obtain discoverable information.

        D.        <u>Plaintiff is Entitled to Attorney's Fees and Costs</u>

Although Defendant does not include any argument in its Opposition against Plaintiff's request for attorney's fees, Attorney Newcity submitted an affidavit in which he maintains that he made attempts to contact the undersigned throughout August, 2004, before Plaintiff filed his Motion to Compel. While the undersigned does not and would not question the truthfulness of the affidavit testimony of Attorney Newcity, with whom the undersigned has had a positive experience in other matters, the undersigned respectfully states that he has no record and no recollection of receiving any calls from Attorney Newcity during this time. In fact, the only contact the undersigned received from Attorney Newcity was by voicemail on September 28, 2004 – twenty days after Plaintiff filed his Motion to Compel and only one day before the Opposition Memorandum was due.[3]

While the undersigned is not inclined to refute Attorney Newcity's contention that he left messages in August, 2004, it should be noted that while the undersigned has sent several written correspondence to Attorney Newcity requesting a resolution to these

---

[3] The undersigned was unavailable on account of his attendance at a deposition.

6

discovery disputes, (letters attached as Ex. C to Motion to Compel), the undersigned has received none in response.  Furthermore, the undersigned's letter of August 12, 2004, made clear Plaintiff's intention to file a motion to compel if Attorney Newcity did not respond regarding this matter on or before August 26, 2004.  Therefore, even if Attorney Newcity did leave a message on or about August 18, 2004 with somebody in the office of the undersigned as he contends, (Newcity Aff. ¶ 8), by Attorney Newcity's own admission[4] he did not make another attempt before August 26th, the date after which he understood that Plaintiff intended to file a Motion to Compel, or even two weeks after that date had passed when Plaintiff filed his Motion to Compel on September 8, 2004. Thus, Attorney Newcity's affidavit is unavailing and does nothing to remedy the fact that Defendant has neglected to comply with its obligations to respond to Plaintiff's discovery requests and to resolve discovery disputes by conferring in good faith.  In fact, Defendant continues to ignore its obligations to respond to Plaintiff discovery requests.  Even though over three weeks have elapsed since Plaintiff filed his Motion to Compel, Defendant still has not produced any of the documents or information requested by Plaintiff – even for those discovery requests to which it never objected or for which it has at this point apparently abandoned its objections.  Defendant's failure to comply with Plaintiff's discovery requests during this time is especially inexplicable in light of the fact that Defendant found time to research, compose, and file its Opposition to Plaintiff's

---

[4] Attorney Newcity admits that he did not attempt to contact the undersigned until _after_ the Plaintiff filed his Motion to Compel. (Newcity Aff. ¶ 9.)  The only voicemail the undersigned has a record or recollection of receiving from Attorney Newcity, however, was on September 28, 2004 – six weeks after Attorney Newcity's purported August 18th phonecall, five weeks after the passage of August 26th, the date after which Defendant understood that Plaintiff would file a Motion to Compel, three weeks after Plaintiff filed his Motion to Compel, and only one day before the Defendant's Opposition was due.

7

Motion to Compel. Accordingly, Plaintiff is entitled to the attorney's fees incurred in filing his Motion to Compel, as well as his Reply to Defendant's Opposition.

As set forth in the accompanying Supplemental Affidavit of Attorneys' fees, attached as Exhibit A hereto, additional fees in the amount of $1,035.00 have been incurred in connection with the filing of the instant Reply Memorandum. When added to the previous attorneys fees charges of $2,810.00 (see Affid. Of Attorneys' Fees, Ex. D to Plaintiff's September 8, 2004 Motion to Compel and For Attorneys' Fees), **the total fees expended to date in connection with the instant Motion to Compel is $3,845.00**. In the event that oral argument or other briefing is required in connection with the underlying Motion to Compel, Plaintiff reserves the right to file a Supplemental Affidavit of attorneys' fees.

### III. CONCLUSION

It is now October 14, 2004, and Plaintiff still has not received a single document or interrogatory answer from Defendant. For these and the other reasons discussed above, this Court should order Defendant to comply with each and every one of Plaintiff's discovery requests and award Plaintiff attorney's fees for the costs incurred in filing this Motion.

> PLAINTIFF,
> DAVID RURAN
>
> By:_____/s/_____
>      William G. Madsen (ct09853)
> MADSEN, PRESTLEY & PARENTEAU LLC
> 44 Capitol Avenue, Suite 201
> Hartford, CT 06106
> (860) 246-2466 (tel.)
> (860) 246-1794 (fax)
> Attorneys for the Plaintiff

8

## CERTIFICATION OF SERVICE

      This is to certify that a copy of the foregoing was sent by advance facsimile and first class mail, postage prepaid, on the 14th day of October, 2004 to the following counsel of record:

Mark A. Newcity, Esq.
Fitzhugh, Parker & Alvaro LLP
One Constitution Plaza, Suite 900
Hartford, CT 02110

                                                        _____/s/_____
                                                          William G. Madsen