UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID RURAN, | : | CIVIL ACTION NO.: |
| | : | 3: 03 CV 452 (CFD) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| BETH EL TEMPLE OF | : | |
| WEST HARTFORD, INC., | : | |
| | : | |
| Defendant. | : | March 3, 2005 |

**DEFENDANT'S OBJECTION TO RULING ON
PLAINTIFF'S MOTION TO COMPEL AND FOR EXPENSES**

The defendant Beth El Temple of West Hartford, Inc. ("Beth El Temple") hereby objects to the Ruling on Plaintiff's Motion to Compel and for Expenses (Magistrate's Ruling") dated February 23, 2004 (Smith, USMJ) in the above matter. Beth El Temple objects to the following determinations in the Magistrate's Ruling:

1.  That the failure of the defendant to list documents protected by the attorney-client privilege on a privilege log in and of itself constituted a waiver of that privilege;

2.  That the plaintiff was not obligated to move for an order under C.G.S. §31-128f to obtain disclosure of the personnel files of nonparty employees or former employees.

As grounds for this objection, Beth El Temple states as follows:

1.  Where a party has propounded objections to discovery requests, that party may await the resolution of those objections before placing particular documents on a privileged log. *See United States v. Phillip Morris, Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003);

2.  A waiver of the attorney-client privilege does not automatically result from a failure to create a privilege log. A waiver of the attorney client privilege should only be imposed in egregious cases of unjustified delay, inexcusable conduct and bad faith. See First Savings Bank v. First Bank System, Inc., 902 F. Supp. 1356, 1361 (D. Kan. 1995). Since the Magistrate's Ruling did not make any findings of such conduct, it was improper to find a waiver of the attorney-client privilege.

3.  C.G.S. §31-128f clearly requires that a party seeking materials or information from an employee's personnel file obtain a judicial order allowing the disclosure

of such materials. Such materials are protected from disclosure in response to a discovery request. Since the plaintiff did not seek such an order, the defendant's objection to disclosure of these materials was proper.

These matters will be more fully discussed in a memorandum of law to be filed forthwith.

WHEREFORE, the defendant Beth El Temple asks the Court to sustain its objection and to modify the Magistrate's ruling by allowing the defendant to list any privileged documents on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

                                  **BETH EL TEMPLE OF**
                                  **WEST HARTFORD, INC.,**
                                  By Its Attorneys,

_____
Mark A. Newcity
Fed Bar # ct07991
**FITZHUGH, PARKER & ALVARO LLP**
One Constitution Plaza, Suite 900
Hartford, CT 02110
(860) 549-6803

## Certificate of Service

The undersigned hereby certifies that on March 3, 2005, a copy of the above document was sent to William G. Madsen, counsel for the plaintiff, at Madsen, Prestley & Parenteau, LLC, 44 Capitol Ave., Suite 201, Hartford, CT 06106, by first class mail, postage prepaid.

_____
Mark A. Newcity