UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID RURAN, | : | CIVIL ACTION NO.: |
| | : | 3: 03 CV 452 (CFD) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| BETH EL TEMPLE OF | : | |
| WEST HARTFORD, INC., | : | |
| | : | |
| Defendant. | : | March 17, 2005 |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO MAGISTRATE'S RULING ON PLAINTIFF'S MOTION TO COMPEL AND FOR EXPENSES

### Introduction

The defendant Beth El Temple of West Hartford, Inc. ("Beth El Temple") hereby submits this Memorandum of Law in Support of Its Objection to the Magistrate's Ruling on Plaintiff's Motion to Compel and for Expenses (Magistrate's Ruling") dated February 23, 2004 (Smith, USMJ) in the above matter. Beth El Temple objects to the determinations in the Magistrate's Ruling concerning 1) the effect of not listing documents protected by the attorney-client privilege on a privilege log and 2) the obligation to move for an order under C.G.S. §31-128f to obtain disclosure of the personnel files of nonparty employees. As discussed below, Beth-el Temple was entitled to wait until its other objections were ruled upon before creating a privilege log. Moreover, the failure to create a privilege log does not, as found by the Magistrate, automatically result in a waiver of the attorney-client privilege. Finally, the plaintiff should not be allowed to obtain complete copies of the employment files of nonparty employees of the defendant without the Court first conducting an in camera review to determine to what extent those materials are relevant and discoverable.

I. **The Failure Of The Defendant To List Documents Protected By The Attorney-Client Privilege On A Privilege Log In And Of Itself Does Not Constituted A Waiver Of That Privilege**

The attorney-client privilege rests at the center of our adversary system and promotes "broader public interests in the observance of law and administration of justice" and "Encourage[s] full and frank communication between attorneys and their clients." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). The privilege promotes sound legal advocacy by ensuring that the counselor known all the information necessary to represent his client. *Id.* Only by ensuring that privileged information is never disclosed will these important interests be advanced. *In re Ford Motor Co.*, 110 F.3d 954, 962 (3d Cir.1997). Even though enforcement of the privilege often results in the suppression of probative evidence, our jurisprudence has determined that its value outweighs these costs.

Where a party has propounded objections to discovery requests, that party may await the resolution of those objections before placing particular documents on a privileged log. *See United States v. Phillip Morris, Inc.*, 314 F.3d 612, 621 (D.C. Cir. 2003). The rule concerning the creation of a privilege log envisions that at the time documents are *produced*, that a party provide an opponent with a list of documents that are being withheld on the basis of attorney-client privilege. "The 1993 Advisory Committee Notes explain the application of the rule when a party has pending objections to the document request. *See* Fed. R. Civ. P. 26(b)(5). The Notes provide that the court should first rule on the pending objections and then, if it overrules those objections, give the party claiming privilege an opportunity to log the allegedly privileged documents. *Id.* In short, if a party's pending objections apply to allegedly privileged documents, the party need not log the document until the court rules on its objections." *Id.* at 621. For example, if the court rules that a discovery request in overly broad in

terms of the time frame stated in the request, and the Court limits the time frame to a period of five years, the answering party may not have to list any documents on a privilege log. Waiting until objections to the discovery requests are resolved ensures that the scope of discovery is properly focused and narrowed, and possibly eliminating the need for a party to assert an attorney-client privilege with respect to documents that will not otherwise need to be produced..

In the instant case, the defendant filed timely objections to the plaintiff's discovery requests based on the fact that these requests were overly broad and sought documents which were irrelevant. Among said objections, the defendant asserted the attorney-client privilege for all documents created by its attorney, Gary Starr, who is also a member of its congregation. The defendant did not provide a privilege log to accompany this asserted privilege, in part because the requests are so over broad and overly burdensome, that they are drafted to encompass over thirty years of documents, as the plaintiff was employed by the defendant for over thirty years, and also in part because it sough to await the court's ruling on the defendant's objection concerning the discovery of such documents, before commencing the enormous endeavor of going through every single document from over thirty-years of the plaintiff's employment, and determining whether each such document is privileged. Consequently, the Magistrate's ruling in this regard is clearly erroneous and contrary to law.

## II.    Waiver of the Attorney-Client Privilege is Not Warranted in this Matter

Even if the Court finds that the defendant was required to produce a privilege log at the time it objected to the plaintiff's discovery requests, the finding by the Magistrate of a waiver of the attorney-client privilege is still clearly erroneous and contrary to law. A waiver of the attorney-client privilege does not automatically result from a failure to create a privilege log. A waiver of the attorney client privilege should only be imposed in egregious cases of unjustified delay, inexcusable conduct and bad

faith. *See First Savings Bank v. First Bank System, Inc.*, 902 F. Supp. 1356, 1361 (D. Kan. 1995). "Rule 34 does not by its terms provide that objections will be deemed waived; rather, a waiver appears to be more in the nature of a sanction for more egregious conduct." *Scaturro v. Warren and Sweat Mfg. Co.*, 160 F.R.D. 44, 46 (M.D. Pa. 1995).

In *First Savings Bank*, the Court found that a waiver of the attorney-client did not occur even though the failure to list such documents on a privilege log occurred on the eve of trial. Since the Magistrate's Ruling did not make any findings of any egregious conduct by the defendant and its counsel, it was improper to find a waiver of the attorney-client privilege. Furthermore, there was no inexcusable conduct, bad faith or unjustified delay on the part of the defendant. The defendant served timely objections to the plaintiff's discovery requests on or about October 31, 2003.[1] Clearly, a discovery requests which seek documents and/or information for a thirty year period are overly broad and should be confined to a more specific and relevant time period. As such, the defendant made good faith objections to such requests. Having acted in good faith, the defendant should not be subject to the draconian penalty of having its attorney-client communications disclosed to the plaintiff.

Furthermore, the plaintiff has not been prejudiced by the defendant's failure to produce a privilege log. No trial date has not been scheduled and the discovery period is not yet closed. There has been no loss of opportunity of the plaintiff in conducting discovery based on the lack of the defendant's privilege log, as the plaintiff has not commenced further discovery. Allowing the defendant to produce a privilege log at this time will cause no harm or prejudice to the plaintiff. Alternatively, the defendant will suffer extreme prejudice from the waiver of the attorney-client privilege. Any and all

---

[1] Resolution of these objections was delayed in large part due to the parties' participation in two mediation sessions over the course of several months before Magistrate Judge Garfinkel.

communications between counsel and the defendant, including communications between the undersigned and his client regarding litigation strategy, case evaluations, and settlement recommendations, will open to review by the plaintiff. "However, it is within the Court's discretion not to compel discovery which is patently improper." *First Savings Bank, supra*, at 1361. Clearly, the waiver provisions included in the federal rules of civil procedure did not contemplate that these types of communications be disclosed to an opposing party under any circumstances.

II.    **The Plaintiff Was Obligated To Move For An Order Under C.G.S. §31-128f To Obtain Disclosure Of The Personnel Files Of Nonparty Employees Or Former Employees.**

The plaintiff served a discovery request which sought the production of personnel files of nonparty employees and former employees of the defendant. The defendant objected to the production of those materials on the basis that personnel files were protected from disclosure by §31-128f. The Magistrate found in his ruling that a) C.G.S. §31-128f did not prohibit the disclosure or such materials, and 2) that the entire personnel files of these nonparties should be disclosed. These determinations are clearly erroneous and contrary to law clearly.

C.G.S. §31-128f protects from disclosure materials and information contained in an employee personnel file. While some courts have concluded that C.G.S. §31-128f creates a privilege against disclosure, *see Carroll v. Carroll*, 2003 WL 21403892 (counsel failed to address "privilege created by §31-128f"), there is no doubt that this statute does create an expectation of privacy on the part of an employee which must be addressed in some manner by the Court before disclosure of materials or information from a personnel file can occur. Personnel files cannot be simply turned over to an opposing party in response to discovery request. *Carroll v. Carroll*, 2003 WL 21403892. The

proper method for obtaining materials or information contained in a personnel file, and protected from disclosure by C.G.S. §31-128f, is to subpoena those materials into Court so that the Court may conduct an in camera review of the materials and decide what, if anything, contained in the documentation must be disclosed. *Id.*; *Zito v. Sports Authority*, 2000 WL 1337666. The ability to propound discovery requests does not confer upon a party a licence to delve into the private lives of non-parties. *Carroll v. Carroll*, 2003 WL 21403892. To allow a party to obtain a personnel record of a non-party merely by serving a production request would render meaningless the privilege and expectation of privacy created by C.G.S. §31-128f.

At no time did the plaintiff ever move the Court for disclosure of these materials. Since the plaintiff did not seek such an order, the defendant's objection to disclosure of these materials was proper and should have been sustained. Moreover, while the Magistrate ordered production of those materials *sua sponte*, such an order was not in response to any motion by the plaintiff after providing the nonparties employees, whose personnel files are at issue, an opportunity to be heard on whether any of the materials contained therein should be disclosed.

The plaintiff contends that he should be allowed to view in its entirety the personnel file of nonparties merely because such an inquiry could lead to the discovery of admissible evidence with respect to his claim of a pattern of discrimination. In overruling the defendant's objection based upon C.G.S. §31-128f, the magistrate ordered production of these nonparty's complete personnel files. Before the plaintiff should be permitted complete and unfettered access to a nonparty's personnel file, he must demonstrate more than a belief that it could contain some relevant information. Courts dealing with these types of requests have uniformly rejected such a broad inquiry. "The effect of such a scattergun approach is to interject irrelevant issues which are not likely to lead to admissible evidence . .

." *Haefele v. Ford*, 1998 WL 27142. Parties are not permitted to use the tools of discovery to go a general "fishing expedition" into personnel files. *Donaldson v. Sheffield*, 2002 WL 2031373. Even where some disclosure is ultimately allowed, the Court did not allow the plaintiff complete access to the defendant employee's personnel file, but rather order an in camera review of the documents to determine what, if any, parts of that file would be disclosed. *Zito v. Sports Authority*, 2000 WL 1337666. Clearly, there is information in personnel files, such as information about an employee's family, medical issues, tax matters, wage information, disciplinary matters, etc which are completely irrelevant to the plaintiff's claim of a practice of discrimination. Consequently, the Magistrate's ruling was clearly erroneous and contrary to law in ordering the disclosure of nonparty's complete personnel file.

WHEREFORE, the defendant Beth El Temple asks the Court to sustain its objection and to modify the Magistrate's ruling by allowing the defendant to list any privileged documents on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5), and by ordering an in camera inspection of nonparty personnel files after providing proper and sufficient notice to the interested nonparty employees.

BETH EL TEMPLE OF
WEST HARTFORD, INC.,
By Its Attorneys,

_____
Mark A. Newcity
Fed Bar # ct07991
FITZHUGH, PARKER & ALVARO LLP
One Constitution Plaza, Suite 900
Hartford, CT 02110
(860) 549-6803

# Certificate of Service

      The undersigned hereby certifies that on March 17, 2005, a copy of the above document was sent to William G. Madsen, counsel for the plaintiff, at Madsen, Prestley & Parenteau, LLC, 44 Capitol Ave., Suite 201, Hartford, CT 06106, by first class mail, postage prepaid.

_____
Mark A. Newcity