UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID RURAN, | : | CIVIL ACTION NO |
|     Plaintiff, | : | |
| | : | 3:03 CV 452 (CFD) |
| V. | : | |
| | : | |
| BETH EL TEMPLE OF WEST HARTFORD, INC., | : : | |
|     Defendant | : | March 29, 2005 |

## OPPOSITION TO DEFENDANT'S OBJECTION TO RULING ON PLAINTIFF'S MOTION TO COMPEL AND FOR EXPENSES

### I.   INTRODUCTION

Plaintiff, David Ruran ("Plaintiff"), hereby opposes Defendant's Objection to Ruling on Plaintiff's Motion to Compel and for Expenses of Defendant, Beth El Temple of West Hartford, Inc. ("Defendant")[1]. In its Objection, Defendant Objects to the Ruling of Honorable Thomas P. Smith, United States Magistrate Judge, dated February 23, 2005 ("Magistrate's Ruling"), granting Plaintiff's Motion to Compel and for Expenses. As Defendant fails to establish that that the Magistrate's Ruling was either clearly erroneous or contrary to law--a prerequisite under Fed. R. Civ. P. 72(a)--its Objection should be denied.

### II.   BACKGROUND

Plaintiff hereby refers this Court to the recitation of facts outlined in his Motion to Compel, dated September 8, 2004, a copy of which is attached hereto as Exhibit A. On

---

[1] Defendant's Objection to the Magistrate Judge's ruling was dated March 4, 2005 and accompanied by a Motion for Extension of time to file a Supporting Memorandum [doc. 35]. The Supporting Memorandum was filed on March 21, 2005. Under the Local Rules, any opposition to the Objection would have been due by March 25, 2005. However, because the Motion for Extension of time has not yet been ruled upon by this Court, the Plaintiff is filing the instant Opposition within the 21-day time limit from the date that the Defendant filed its Supporting Memorandum. Should this Court deem that the Plaintiff's Opposition should have been filed by March 25, 2005, however, the Plaintiff will subsequently file a Motion for Permission to file this Opposition out of time.

1

February 23, 2005, the Court, per Magistrate Judge Smith, granted Plaintiff's Motion in all respects. A copy of Magistrate Judge Smith's Ruling is attached hereto as Exhibit B. In its Ruling, the Court concluded that Defendant failed to sustain its burden of demonstrating why any of Plaintiff's discovery requests should be denied on the basis that they were either overly broad, they requested documents protected by attorney-client privilege, or that Conn. Gen. Stat. § 31-128f prevented the disclosure of requested documents.

Specifically, the court held that Defendant failed to sustain its burden of demonstrating why any of the documents Plaintiff requested were protected by the attorney-client privilege and it furthermore failed to provide a privilege log in accordance with the mandatory requirements of Local Rule 37. (Magistrate's Ruling at 7-9, 10, 12.) Moreover, the court ordered Defendant to produce documents from the personnel files of other employees, rejecting Defendant's contention that the documents had "no relevance to Plaintiff's claims" and were "protected from disclosure under C.G.S. § 31-128f." (Magistrate's Ruling at 10-11.) The court held that Defendant failed to meet its burden of demonstrating why the requested documents were not relevant and found that

> others' personnel files are certainly relevant to Mr. Ruran's claim of disparate treatment under the ADEA - - for, a claim of disparate treatment begs the question: 'Disparate to what?'" Moreover, based on the finding of relevance, the court hereby orders that Beth El produce the responsive documents, thus satisfying the second exception to section 31-128f of the Connecticut General Statutes.

(Magistrate's Ruling at 11.)

Here, Defendant objects to these two elements of the Magistrate's Ruling. But, just as the court found repeatedly in the Magistrate's Ruling, Defendant has once again failed to satisfy its burden. As Defendant has utterly failed to establish that any element

2

of the Magistrate's Ruling was either clearly erroneous or contrary to law, as Rule 72(a) of the Federal Rules of Civil Procedure requires, Defendant's Objection should be denied in its entirety.

### III.  STANDARD OF REVIEW

When a party objects to the ruling of a magistrate judge on a non-dispositive matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be **clearly erroneous or contrary to law**." Fed. R. Civ. P. 72(a)(emphasis added). *See also* 28 U.S.C. § 636(b)(1)(A)("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "Elaborating on the 'clearly erroneous' standard, the Supreme Court has held that a finding is 'clearly erroneous' if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.' Indeed, 'where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" *Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*, No. 02 Civ. 0795, 2005 WL 551092 *1 (S.D.N.Y. Mar. 9, 2005)(internal citations omitted)(attached hereto as Exhibit C). Similarly, "[a]n order is contrary to law 'when it fails to apply or misapplies relevant statutes, caselaw, or rules of procedure.'" *Ri Sau Kuen Chan v. NYU Downtown Hosp.*, No. 03 Civ. 3003, 2004 WL 1886009 *3 (S.D.N.Y. Aug. 23, 2004)(citation omitted) (attached hereto as Exhibit D). "Pursuant to this highly deferential standard of review, a magistrate judge is 'afforded broad discretion in resolving discovery disputes and reversal is inappropriate only if their discretion is abused.' Thus, a party seeking to overturn or modify a discovery order bears a heavy

burden." *Lyondell-Citgo Refining, LP v. Petroleos de Venezuela, S.A.*, No. 02 Civ. 0795, 2005 WL 551092 *1 (S.D.N.Y. Mar. 9, 2005)(internal citations omitted).

## IV.    DISCUSSION

### A.    Defendant Fails to Establish its Burden

To date, Defendant has still failed to provide Plaintiff with a single document or interrogatory answer in response to the discovery requests he propounded on September 29, 2003 - - despite the passage of a year and a half.  Magistrate Judge Smith rejected each one of Defendant's discovery objections in a well-reasoned opinion on February 23, 2005.  Defendant's Objection to the Magistrate Judge's Ruling does not come even remotely close to establishing that it was clearly erroneous or contrary to law in any respect.  Defendant in fact fails to cite any controlling authority that conflicts with any of the challenged portions of the Magistrate Judge's Ruling**. In point of fact, the sparse legal authority to which Defendant does cite is irrelevant to the extent that it is contrary to Local Rule 37.**  Thus, Defendant's Objection is simply another transparent attempt to either avoid or delay compliance with its obligations to provide responsive information and documents to Plaintiff's discovery requests.[2]  As such, it should be summarily denied so that Plaintiff can obtain the documents and information he requested one and one half years ago proceed with the prosecution of his claims.

### 1.    *Defendant Continues to Misapprehend the Attorney-Client Privilege and It's Argument is Contrary to Controlling Authority*

---

[2] In its Objection, Defendant objects to only two elements of the Magistrate's Ruling.  To date, despite the passage of over thirty days and the mandate of Local Rule 37(a)(5), it has still not complied with those other portions of the Magistrate's Ruling to which it does not object.

4

Notwithstanding the well-reasoned discussion in the Magistrate Judge's Ruling explaining why Defendant's claim of the attorney-client privilege "evinces some misapprehension of the privilege and the methods by which one perfects it", (Magistrate's Ruling at 7-8), as well as the failure to comply with the requirements of Local Rule 37(a) of the Connecticut Rules of Civil Procedure, (Magistrate's Ruling at 8-9), Defendant continues to assert the protection of the privilege. Defendant has not, however, set forth any authority to suggest that Magistrate Judge Smith's ruling was either erroneous or contrary to law to the extent that it rejected Defendant's objections based on the attorney-client privilege. Moreover, Defendant's attempt to evade the mandate of Local Rule 37(a) by relying on authority from another jurisdiction is specious. (*See* Def's Mem. Law Supp. Obj. at 2-3)(relying on one case from the D.C. Circuit Court of Appeals). Accordingly, this Court should once again reject Defendant's objections which rest on the attorney-client privilege and order that it respond to each of Plaintiff's outstanding discovery requests.

2.      ***Defendant Has Engaged in "Unjustified Delay"***

Defendant's further contention that the waiver of the attorney-client privilege was not warranted in this case because such a waiver "should only be imposed in egregious cases of unjustified delay, inexcusable conduct and bad faith", (Def's Mem. Law Supp. Obj. at 3-4), is curious at best. Even were this Court to adopt such a requirement, it would certainly be applicable in this case. Plaintiff propounded his discovery requests on September 29, 2003. ***To date, despite the passage of a year and a half, Defendant has failed to provide Plaintiff with a single document or interrogatory answer.*** The undersigned attempted numerous times throughout 2004, via both written and telephonic

5

correspondence, to resolve the present discovery dispute, but defense counsel failed to respond. (*See* Plaintiff's Motion to Compel, dated September 8, 2004, attached hereto as Exhibit A, at 3-4, 21-24, Ex. C; Plaintiff's Reply, dated October 14, 2004, attached as Exhibit B, at 6-8.) To date, Defendant has still failed to comply with those portions of the Magistrate's Ruling to which it does not object, despite the passage of more than 30 days. Thus, Defendant's failure to respond to any of Plaintiff's discovery requests in this case certainly constitutes "unjustified delay."

Moreover, Defendant's contention that Plaintiff has not been prejudiced by the delay is absurd. Plaintiff has been unnecessarily prevented from proceeding with the prosecution of his case for over one and a half years because of Defendant's refusal to respond to his legitimate discovery requests. To date, Plaintiff has not been able to take a single deposition as doing so without the aid of documents or information that Defendant seems unwilling to provide would be fruitless. Thus, Plaintiff has clearly suffered prejudice as a direct result of Defendant's conduct.

### 3.     *Defendant's Discussion of Section 31-128f is Moot*

Defendant continues to protest that Plaintiff was required to obtain a ruling before Defendant was obligated to produce the personnel files requested in discovery. (Def's Mem. Law Supp. Obj. at 5-7.) Notwithstanding the fallacy of Defendant's assertion, (*See* Magistrate's Ruling at 11)("Mr. Ruran is not obligated to move for an order allowing the release of non-party personnel files"), its argument is certainly moot at this juncture as Magistrate Smith unequivocally issued such an order as part of his ruling when he wrote: "Moreover, based upon this finding of relevance, **the court hereby orders that Beth El produce the responsive documents, thus satisfying the second exception to section**

6

**31-128f of the Connecticut General Statutes**." (Magistrate's Ruling at 11.)

Accordingly, Defendant's Objection on this ground is similarly without merit.

## V. CONCLUSION

For the foregoing reasons, this Court should deny Defendant's Objection in its entirety.

        PLAINTIFF,
        DAVID RURAN

By:_____
    William G. Madsen (ct09853)
MADSEN, PRESTLEY & PARENTEAU LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106
(860) 246-2466 (tel.)
(860) 246-1794 (fax)
Attorneys for the Plaintiff

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on the 29th day of March, 2005 to the following counsel of record:

Mark A. Newcity, Esq.
Fitzhugh, Parker & Alvaro LLP
One Constitution Plaza, Suite 900
Hartford, CT 02110

        _____
        William G. Madsen