Westlaw.

Slip Copy  
2005 WL 551092 (S.D.N.Y.)  
**(Cite as: 2005 WL 551092 (S.D.N.Y.))**

Page 1



**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,  
S.D. New York.  
LYONDELL-CITGO REFINING, LP, Plaintiff,  
v.  
PETROLEOS DE VENEZUELA, S.A. and Pdvsa-Petroleo, S.A., Defendants.  
**No. 02 Civ. 0795(CBM).**

March 9, 2005.

*MEMORANDUM OPINION AND ORDER*

MOTLEY, J.

***1** Defendant has submitted an objection to Magistrate Judge Peck's denial of defendant's request that Magistrate Judge Peck order plaintiff to produce documents relating to time-trades and crude sales and inventories. For the reasons set forth below, defendant's request is DENIED.

I. *The Parties*

Plaintiff, Lyondell-Citgo Refining, LP ("LCR"), is a limited partnership with its principal place of business in Houston, Texas, where it owns a crude oil refinery. Defendant Petroleos de Venezuela, S.A. ("PDVSA"), is the national oil company of Venezuela, and defendant PDVSA-Petroleo, S.A. ("Petroleo"), is a wholly owned subsidiary of PDVSA.

II. *Background*

On October 30, 2003, this court set a deadline of October 1, 2004 for the conclusion of all discovery. On August 24, 2004, this case was referred to Judge Peck to oversee the remainder of discovery. Though Judge Peck allowed certain expert depositions to take place during early to mid-October and expert response reports to be submitted in early October, he was clear that the discovery deadline set by this court of October 1, 2004 remained unchanged. *See* 9/20/04 Memo Endorsed Order; 9/23/04 Tr. at 2, 14.

On November 12, 2004, defendant submitted a letter to Judge Peck requesting assistance in "resolving a five-week discovery dispute" regarding the production of certain documents. *See* 11/12/04 letter. Judge Peck denied defendant's request on November 16, 2004, stating that discovery concluded in October and that, "There is no reason for a mid-November application for the Court to deal with discovery issues.... [T]he Court will not entertain belated discovery matters at this late date." *See* 11/16/04 Memo Endorsed Order. On November 16, 2004, defendant submitted another letter to Judge Peck, requesting reconsideration of Judge Peck's denial. Defendant argued that the document requests were made in November of 2003 and in August 2004, before the close of discovery, and further that defendant only realized in October of 2004, after the deposition of one of plaintiff's witnesses, that the documents in question had not been produced. Judge Peck denied defendant's request on the same day, stating, "This is not a proper motion for reconsideration and in any event is denied." *See* 11/16/04 Memo Endorsed Order.

On December 2, 2004, defendant filed an objection to Judge Peck's denial of defendant's request for assistance in resolving the aforementioned discovery dispute. Defendant requests that this court either order Judge Peck to consider the merits of defendant's request, or alternatively order plaintiff to produce the documents in question.

III. *Standard of Review*

Rule 72(a) of the Federal Rules of Civil Procedure and the Federal Magistrates Act, 28 U.S.C. § § 636(b)(1)(A) (2002) provide this court with the standard by which to review Magistrate Judge Peck's discovery-related ruling. Pretrial discovery matters are generally considered non-dispositive of the litigation. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522 (2d Cir.1990). Both the rule and the statute state that, as to non-dispositive matters, a district court shall reverse a Magistrate Judge's order only where it has been shown that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (1988); Fed.R.Civ.P. 72(a). Elaborating on the "clearly erroneous" standard, the Supreme Court has held that a finding is "clearly erroneous" if the reviewing court is "left with the definite and firm

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

conviction that a mistake has been committed." *Easley v. Cromartie,* 532 U.S. 234, 242 (2001) (quoting *United States v. United Gypsum Co.,* 333 U.S. 364, 395 (1948)). Indeed, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City,* 470 U.S. 564, 574 (1985) (citing *United States v. Yellow Cab Co.,* 338 U.S. 338, 342 (1949)). Pursuant to this highly deferential standard of review, a magistrate judge is "afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Derthick v. Bassett-Walker Inc.,* 1992 WL 249951, at * 8 (S.D.N.Y. Sept. 23, 1992). Thus, a party seeking to overturn or modify a discovery order bears a heavy burden.

IV. *Discussion*

**\*2** Defendant makes several arguments in its objection to Judge Peck's denial of defendant's request for assistance. First, defendant argues that Judge Peck's response to defendant's request "does not rise to the level of a 'ruling.' " See Def.'s Objection at 3. Defendant posits that because Judge Peck refused to consider defendant's request on the grounds that discovery had closed, Judge Peck did not meet the requirements of Rule 72 "that there be some sort of process, consideration, and explanation of the disposition of the matter, and [that] therefore [it] should not be considered an order." Def.'s Objection at 4. Second, defendant argues that plaintiff failed to produce numerous documents that were responsive to defendant's discovery requests, and continues to refuse to produce them. Third, defendant argues that plaintiff should not be permitted to flout production requests by refusing to produce documents until the discovery period has come to a close. The court addresses these arguments below.

Defendant argues that Judge Peck's denial of defendant's request for assistance regarding plaintiff's production of documents does not rise to the level of a "ruling" because, rather than making a determination based on the merits of defendant's argument, Judge Peck based his order on the fact that the discovery period had already closed. In support of this argument, defendant cites the language of Rule 72(a), which states, "A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter." Fed.R.Civ.P. 72(a).

There is nothing in the language of Rule 72(a) to support defendant's claim that Judge Peck's ruling is inadequate because he did not reach the merits of defendant's argument. Rule 72(a) specifically states that a magistrate shall "conduct such proceedings *as are required."* Fed.R.Civ.P. 72(a) (emphasis added). The fact that Judge Peck enforced the discovery deadlines set by the court, expected the parties to abide by these deadlines, and did not elaborate further when issuing the ruling in question does not render his decision invalid, or indicate, as defendant argues, that his decision "does not rise to the level of a ruling." The suggestion that enforcement of procedural rules and deadlines is not a sufficient reason to deny defendant's request is without merit. Indeed, the Second Circuit has held, "[W]e wish to emphasize the importance we place on a party's compliance with discovery orders. Such compliance is necessary to the integrity of our judicial process. A party who flouts such orders does so at his own peril." *Update Art, Inc., v. Modiin Publishing, Ltd.,* 843 F .2d 67, 73 (2d Cir.1988). *See also Softel, Inc. v. Dragon Medical and Scientific Communications, Inc., et al.,* 1990 U.S. Dist. LEXIS 14045, at \*10 (S.D.N.Y. Oct. 24, 1990) ("[C]ompliance with the court's discovery orders is essential to maintain the integrity of the judicial process. To encourage compliance and achieve the just and efficient administration of justice, discovery deadlines must be strictly enforced.")

**\*3** Defendant's additional arguments--that plaintiff failed to produce responsive documents and stalled until the discovery period had expired--also do not warrant a finding that Judge Peck abused his discretion in denying defendant's request. Defendant presented these same arguments to Judge Peck. Judge Peck's decision to privilege the enforcement of discovery deadlines over defendant's arguments falls woefully short of clear error. That Judge Peck did not adopt defendant's position and instead enforced the discovery deadlines established by the court was by no means an abuse of his discretion.

V. *Conclusion*

Defendant has failed to show, as it must, that Judge Peck's denial of defendant's request that Judge Peck order plaintiff to produce documents relating to time-trades and crude sales and inventories was "clearly erroneous" or "contrary to law." For the foregoing reasons, Magistrate Judge Peck's ruling is hereby affirmed over defendant's objection.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
2005 WL 551092 (S.D.N.Y.)  
**(Cite as: 2005 WL 551092 (S.D.N.Y.))**

Page 3

SO ORDERED.

2005 WL 551092 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

.     1:02CV00795 (Docket)  
(Feb. 01, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.