UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID RERAN, | : | CIVIL ACTION NO.: |
| | : | 3: 03 CV 452 (CFD) |
| Plaintiff, , | : | |
| v. | : | |
| | : | |
| BETH EL TEMPLE OF | : | |
| WEST HARTFORD, INC., | : | |
| | : | |
| Defendant. | : | March 31, 2005 |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO MAGISTRATE'S RULING ON PLAINTIFF'S MOTION TO COMPEL AND FOR EXPENSES**

Pursuant to Local Rule 7(d0, the defendant Beth El Temple of West Hartford, Inc. ("Beth El Temple" hereby submits this reply memorandum in response to matters raised in the plaintiff's Opposition to Defendant's Objection to Ruling on Plaintiff's Motion to Compel and for Expenses ("Opposition").

A.  **The Defendant Has Met Its Burden of Showing that the Magistrate's Ruling Was Clearly Erroneous and Contrary to Law**

In its Opposition, the plaintiff contends that Beth El Temple has not shown that the Magistrate's Ruling was clearly erroneous or contrary to law. As the plaintiff points out "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Opposition at 3 *citing Ri Sau Keun Chan v. NYU Downtown Hospital*, 2004 WL 1886009*3 (S.D.N.Y. Aug. 4, 2004). As discussed in its Memorandum, the Magistrate Judge's Ruling clearly misapplied the rules of procedure with respect to when a privileged log must be produced. Furthermore, the Magistrate Judge's Ruling also clearly misinterpreted the relevant case law as to the effect of the failure to produce a privilege log where other objections to the

discovery has been made, and under what circumstances such a failure constitutes a waiver of the privilege. Finally, the Magistrate Judge's Ruling was clearly contrary to the requirements and purpose of C.G.S. §32-128f. These issues were presented in the defendant's Objection, and supported by relevant and persuasive case law. The plaintiff has not provided the Court with any case law which contradicts or refutes the defendant's contentions, or which demonstrate that the Magistrate Judge's Ruling was not contrary to established and accepted case law interpreting the Federal Rules of Procedure. As such, the defendant has clearly met its burden of showing that the Magistrate Judge's Ruling was clearly erroneous.[1]

**B.     The Defendant Has Not Engaged in Unjustified Delay**

The plaintiff contends that the defendant has engaged in "unjustified delay" which would warrant the imposition of the severe sanction of a waiver of the attorney-client privilege. To that end the plaintiff contends "**[t]o date, despite the passage of a year and a half, Defendant has failed to provide Plaintiff with a single document or interrogatory answer.**" Opposition at 5 (emphasis in original). This contention is very disingenuous considering the manner in which this case has progressed. First, discovery was delayed for almost a year while the parties engaged in mediation efforts, including discussions with Magistrate Judge Garfinkel. During that time period there was an agreement between counsel that all discovery would be held in abeyance until the mediation efforts were concluded. Following the breakdown of the mediation efforts,

---

[1] The plaintiff contends that the defendant "fails to cite any controlling authority that conflicts with the challenged portions of the Magistrate Judge's Ruling" Opposition at 4. Further, the plaintiff contends that the defendant is attempting to evade Local Rule 37(a) "by relying on authority from another jurisdiction. . . " Opposition at 5. These contentions are somewhat interesting considering that the plaintiff has failed to cite any "controlling" case law from the District of Connecticut in its Opposition, and relies entirely upon case law from other districts.

the plaintiff waited at least four months before raising the issue of the defendant's discovery objections and filing his motion to Compel. Furthermore, the parties waited an additional five months for the Magistrate Judge to issue the Ruling on the plaintiff's Motion to Compel. Consequently, any delay was not the fault of the defendant and/or was not unjustified. The plaintiff has not cited any authority that holds that the passage of time, in and of itself, constitutes "unjustified delay". Furthermore, the defendant is entitled to have its objections to the plaintiff's overly broad and impermissibly discovery requests resolved before it provides any answers to interrogatories or produces any documents so that it may know exactly what it is expected to provide to the plaintiff.

Finally, the plaintiff's contention that he has been prejudiced by any delay is specious. The plaintiff and the defendant have throughout this matter jointly moved the Court for extension of the discovery deadline to permit them to engage in mediation and then to resolve discovery disputes. Counsel for both parties have agreed that depositions in this matter would be taken after the discovery objections were resolved and documents produced. In fact, the scheduling order was recently extended by joint motion of the parties to permit the parties to conduct depositions, file dispositive motions, etc. The plaintiff does not contend that he cannot take any deposition or would be hampered in taking any deposition because of the passage of time. Consequently, the plaintiff's claim that he is prejudiced is clearly without merit.

**C.  The Defendant's Claims Under C.G.S. § 31-128f Are Not Moot**

The plaintiff claims that the defendant's argument with respect to the protection afforded personnel files of nonparties under C.G.S. § 31-128f is moot since the Magistrate Judge ordered the production of such personnel files in it's Ruling. The plaintiff appears to miss the point as to why the Magistrate Judge's Ruling in this regard was clearly contrary to law. The plaintiff does

not disagree that to obtain personnel files of nonparties, C.G.S. § 31-128f requires the issuance of any order upon motion of a party. The citations contained in the defendant's Objection clearly demonstrate that a party cannot obtain the personnel files of nonparties merely by serving a discovery request. Moreover, the plaintiff does not disagree that nonparties should be allowed the opportunity to object to the production of their personnel files to third-parties. As such, the Magistrate Judge has issued a ruling which clearly violates the aforementioned statute and therefore, the defendant's contentions in this regard are not moot. To say that a ruling which violates the aforementioned statute renders the defendant's Objection moot is illogical.

Furthermore, the plaintiff does not dispute that at least some information contained in the personnel files of nonparties is not relevant to his claims and therefore should not be disclosed. Therefore, it was clearly contrary to C.G.S. § 31-128f and the case law interpreting this statute for the Magistrate Judge to order a carte blanche production of the nonparty personnel files without first conducting an in camera review of the materials to determine which portions are relevant and discoverable. Without doing so, the Magistrate Judge's Ruling is clearly contrary to C.G.S. § 31-128f and the case law interpreting this statute.

WHEREFORE, the defendant Beth El Temple asks the Court to sustain its objection and to modify the Magistrate's ruling by allowing the defendant to list any privileged documents on a privilege log pursuant to Fed. R. Civ. P. 26(b)(5), and by ordering an in camera inspection of nonparty personnel files after providing proper and sufficient notice to the interested nonparty employees.

BETH EL TEMPLE OF
WEST HARTFORD, INC.,
By Its Attorneys,


_____
Mark A. Newcity
Fed Bar # ct07991
FITZHUGH, PARKER & ALVARO LLP
One Constitution Plaza, Suite 900
Hartford, CT 02110
(860) 549-6803


## Certificate of Service

The undersigned hereby certifies that on March 31, 2005, a copy of the above document was sent to William G. Madsen, counsel for the plaintiff, at Madsen, Prestley & Parenteau, LLC, 44 Capitol Ave., Suite 201, Hartford, CT 06106, by first class mail, postage prepaid.


_____
Mark A. Newcity