UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID RURAN | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) NO. 3: 03 CV 452 (CFD) |
| VS. | ) |
| | ) |
| BETH EL TEMPLE OF WEST HARTFORD, INC. | ) |
| | ) NOVEMBER 15, 2007 |
| Defendant | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL

### PRELIMINARY STATEMENT

The defendant, Beth El Temple of West Hartford, Inc. ("Beth El"), by and through its counsel submits this memorandum of law in support of its motion to compel. By its motion, Beth El seeks an order compelling the plaintiff to: 1) fully and properly respond to interrogatories numbers 9, 10, 11 and 13. In further support of Beth El's motion, Beth El submits the affidavit of its counsel, Joseph J. Andriola, attached hereto as **Exhibit 1**.

### FACTS AND PROCEDURAL HISTORY

On or about March 14, 2003 the plaintiff, David Ruran, commenced this action by way of complaint against Beth El alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-56 et seq. (First Amend. Compl. ¶¶ 32-41.)

On October 30, 2007, current counsel for Beth El first received Plaintiff's Responses to Defendant's First Set of Interrogatories, which were dated February 26, 2007. (Ex. 1; Andriola Aff. ¶ 3.) The plaintiff objected to and provided no response to

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

interrogatories numbers 9, 10, 11 and 13. (See Plaintiff's Response to Defendant's Interrogatories numbers 9, 10, 11 and 13, attached hereto as **Exhibit 2**.) The plaintiff objected to interrogatories 9, 10 and 11 on the grounds that each interrogatory was "overly broad" and "unduly burdensome" in that it requests information from qualified professional to respond and that each called for a legal conclusion and that the plaintiff is not an attorney and therefore is unable to answer each interrogatory. (Ex. 2.) The plaintiff objected to interrogatory number 13 on the ground that it is "overly broad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence." (Ex. 2.)

Counsel for Beth El, in a letter dated November 2, 2007, attempted to resolve plaintiff's objections to these interrogatories with counsel for the plaintiff. (See letter, dated November 2, 2007, attached hereto as **Exhibit 3**.) In that letter, counsel for the defendant, while explicitly not waiving any legal challenge to plaintiff's objections, offered a good faith solution to plaintiff's objection. Defendant's counsel was willing to accept answers to specific requests in that letter as satisfactory compliance with discovery. (Ex. 3.) The requests in the letter were specifically tailored to allegations in plaintiff's complaint and therefore counsel for the defendant believed that they would avoid any of plaintiff's objections that the interrogatories were "overly broad", "unduly burdensome" and/or required legal knowledge.

On November 8, 2007, counsel for the defendant called counsel for the plaintiff seeking an answer to the November 2, 2007 letter and attempting to resolve the parties differences regarding discovery disputes. (Ex. 1; Andriola Aff. ¶ 6) Plaintiff's counsel advised counsel for the defendant that he had not reviewed the letter and asked that

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

another copy be sent to him. (Ex. 1; Andriola Aff. ¶ 6). Thereafter, on that same day, November 8, 2007, defendant's counsel faxed a copy of the November 2, 2007 letter to plaintiff's counsel. (Ex. 1; Andriola Aff. ¶ 7.) On November 12, 2007, counsel for the defendant called plaintiff's counsel and left a voice-mail requesting a response to the November 2, 2007 letter. (Ex. 1; Andriola Aff. ¶ 8.) On November 13, 2007, counsel for the defendant again called and left a voice-mail with plaintiff's counsel requesting a response to the November 2, 2007 letter. (Ex. 1; Andriola Aff. ¶ 9.) To date, plaintiff's counsel has not responded to defendant's counsel good faith efforts to resolve these discovery disputes, even though plaintiff's counsel has had ample opportunity to respond. Consequently, the defendant is compelled to file this Motion.

## STANDARD OF REVIEW

The party objecting bears the burden of showing why discovery should be denied. Boutvis v. Risk Management Alternative, Inc., 2002 U.S. Dist. LEXIS 8521, at *3 (D. Conn. May 3, 2002) (Smith, J.). Fed. R. Civ. P. 26(b)(1) authorizes discovery of any relevant, nonprivileged matter that is reasonably calculated to lead to the discovery of admissible evidence. It provides in relevant part:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1). See 7 MOORE'S FEDERAL PRACTICE § 37.22 (Matthew Bender 3d ed.).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The phrase "'relevant to the subject matter involved in the pending action' has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Thus, "reasonably calculated" in Rule 26 means "any possibility that the information sought may be relevant to the subject matter of the action." Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Fed. R. Evid. 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevancy should be broadly construed during discovery. Young v. Liberty Mutual Ins. Co., 1999 U.S. Dist. LEXIS 6987, at **8-9 (D. Conn. Feb. 16, 1999) (Burns, J.). See Smith v. MCI Tele. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991). Any doubts about relevance at the discovery stage should be made in favor of production, as any irrelevant materials produced can later be ruled inadmissible at trial. Connecticut Fair Housing Ctr., Inc. v. I.S.D.S. Hartford Props Corp., 2001 U.S. Dist. LEXIS 24008, at *4 (D. Conn. Sept. 12, 2001) (Hall, J.). A party may not object to a discovery request on the grounds that the information sought will be inadmissible at trial so long as the material requested could lead to other information that may be relevant to the subject matter of the action. Morse/Diesel, 122 F.R.D. at 449.

A party may object to a request if it is "overly broad" or "unduly burdensome." Omega Eng'g, Inc. v. Omega, S.A., 2001 U.S. Dist. LEXIS 2016, at **6-7 (D. Conn. Feb. 6, 2001) (Covello, C.J.). To assert a proper objection on this basis, however, one must

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Id. at *6. Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. See 7 MOORE'S FEDERAL PRACTICE, § 34.13[2][b] (Matthew Bender 3d ed). The objecting party may not leave it to the court to "sift each interrogatory to determine the usefulness of the answer sought." Omega, supra, at **6-7. To the contrary, the detail in the complaint defines the liberal guidelines for determining the relevance of the discovery requests, and "the burden is on the party resisting discovery to clarify and explain his objections and to provide support for those objections." Id. See Ahearn v. Trans Union LLC, 2002 U.S. Dist. LEXIS 26355 at *2 (D. Conn. Oct. 23, 2002) (J. Smith).

## LEGAL ARGUMENT

### I.    The Plaintiff's Objections to the Interrogatories are Without Merit.

#### A.    Interrogatories Numbers 9, 10, 11.

Interrogatories number 9 and 10 state as follows:

9.    If you contend that the defendant violated 29 U.S.C. §§ 621-634, please state each and every fact upon which you rely, including:

  a.    The name(s) of all persons employed by Beth El Temple whose statements and/or action violated said statute;

  b.    The date(s) which such statements and/or actions took place;

  c.    The name(s) of all persons to whom such statements and/or actions were conveyed;

  d.    The substance of all such statements and/or actions;

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

e.     The identity of any documents supporting this contention;

f.     Each and every person you believe has or may have information regarding your allegations.

10.    If you contend that the defendant violated Connecticut Fair Employment Practices Act § 46a-58 et seq., please state each and every fact upon which you rely, including:

a.     The name(s) of all persons employed by Beth El Temple whose statements and/or action violated said statute;

b.     The date(s) which such statements and/or actions took place;

c.     The name(s) of all persons to whom such statements and/or actions were conveyed;

d.     The substance of all such statements and/or actions;

e.     The identity of any documents supporting this contention;

f.     Each and every person you believe has or may have information regarding your allegations.

11.    If you contend that the defendant engaged in a pattern of discrimination against older employees, please state each and every fact upon which you rely, including:

a.     The name(s) of all employees who have been discriminated against because of their older age;

b.     All actions/statements of the defendant you believe to be discriminatory;

c.     The date(s) which such statements and/or actions took place;

d.     The names(s) of all persons to whom such statements and/or actions were conveyed;

e.     The substance of all such statements and/or actions;

f.     Each and every person you believe has or may have information regarding your allegations.

The plaintiff objects to these interrogatories on two grounds.  First, he maintains

that they are "overly broad and unduly burdensome in that it requests information from a

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105

qualified professional to respond to the identification of 'each and every fact' relied upon in violation of [ADEA or CFEPA]," (See Ex. Obj. to Inters. 9,10), or "in that it requires plaintiff to indentify each person whom he believes may have knowledge regarding his claims and to indentify each and every action on which he bases his claims (See Ex. 2; Obj. to Inters 11.)  The Plaintiff further objects "on the ground that and to the extent that [each] interrogatory calls for a legal conclusion in that he is not an attorney and is therefore not in a position to judge what does or does not establish or support the legal standards or definitions of [ADEA or CFEPA or age discrimination under applicable law]."  (See Ex. 2; Obj. to Inters. 9-11.)  The plaintiff's objections are without merit.

First, it is well-established that an interrogatory is not objectionable because it seeks an application of the law to the facts. FED. R. CIV. P. 33(c).  "Interrogatories interposed under Rule 33(c), otherwise known as contention interrogatories, serve to discover the theory of the responding party's case.  They seek to elicit the responding party's contentions by asking it to state the factual basis underlying its substantive legal claims. As long as the interrogatories call for responses which contain mixed questions of law and fact they are permissible under Rule 33(c)." Sheehy v. Ridge Tool Co., 2007 U.S. Dist. LEXIS 24215, at *2 (D. Conn. Apr. 2, 2007) (J. Smith) (holding that an interrogatory asking the plaintiff to "[s]et forth in full and complete detail, with respect to each defendant, each an every way that you claim defendants were negligent" was a "classic example of a permissible contention interrogatory under Rule 33(c)). See Coles v. Jenkins, 179 F.R.D. 179, 180-81 (E.D. Va. 1998); Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 650-52 (C.D. Cal. 1997); Sargent-Welsh Scientific Co. v. Ventron Corp., 59 F.R.D. 500, 502-03 (N.D. Ill. 1973).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

Beth El in interrogatories number 9, 10 and 11 seeks to inquire into the factual basis of allegations in the plaintiff's complaint charging them with age discrimination in violation of the ADEA and CFEPA. Rule 33(c) establishes that such interrogatories can not be objected to because the call for legal conclusions. Moreover, the defendant's use of ADEA and CFEPA in its interrogatories are based upon the plaintiff's reliance of both statutory schemes in his complaint which he claims the defendant violated. It is clear, therefore, that the defendants are entitled to know the facts upon which plaintiff's claim are founded.

Second, theses interrogatories are neither overly broad or unduly burdensome. They are very basic discovery requests. Once again, they merely ask the plaintiff to indentify all that facts that he maintains support the allegations in his complaint. Interrogatories should not be read or interpreted in an artificially restrictive or hyper-technical manner to avoid disclosure of information fairly covered by the discovery request. Omega, 2001 U.S. Dist. LEXIS at *10.

The plaintiff has not "show[n] specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Omega, 2001 U.S. Dist. LEXIS at *10. See 7 MOORE'S FEDERAL PRACTICE, § 34.13[2][b] (Matthew Bender 3d ed). Thus, the plaintiff's objections do not satisfy his burden.

Mutual knowledge of the relevant facts is essential to proper litigation. Hickman v. Taylor, 329 U.S. 495 (1947). Federal discovery rules allow the parties to "obtain the fullest possible knowledge of the issues and facts before trial." Id. at 501. Having

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

commenced this lawsuit, the plaintiff cannot be shielded from identifying the factual

basis for his allegations.  Id.  To hold otherwise would severely prejudice Beth El's

defense.  Accordingly, the plaintiff's objections to interrogatories number 9, 10 and 11

should be overruled.

### B.    Interrogatory Number 13.

Interrogatory 13 states as follows:

13.    Please indentify each and every person who you believe was a witness to any of
the facts and circumstances alleged in the Complaint, and include in your answer all
such persons that you intend to call at the trial of this action.

The plaintiff objects to this interrogatory on the ground that it is "overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence, in that it purports to apply to 'any of the facts and circumstances

alleged in the Complaint.'"  (Ex. 2; Obj. to Inter. 13.).

Plaintiff's explanation in its objection of why interrogatory 13 is "overly broad,

unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence" is exactly why it is not that way.  Interrogatory 13 is necessarily

not "overly broad", "unduly burdensome" or "not calculated to lead to the discovery of

admissible evidence" because it is limited to "*the facts and circumstances alleged in

[plaintiff's] complaint.*"

As stated above, the plaintiff cannot be shielded from indentifying and explaining

the factual basis for her allegations.  Simply, the complaint defines the liberal guidelines

for determining the relevance of the discovery requests.  Omega, supra, at *6-7.

Therefore, confining an interrogatory request to information arising out of a complaint's

allegations is proper and not subject to objection on the grounds of "overly broad,

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105

unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." Accordingly, the plaintiff's objection to interrogatory 13 should be overruled.

## CONCLUSION

For the foregoing reasons, the court should grand Beth El's motion to compel in its entirety.

THE DEFENDANT,
BETH EL TEMPLE OF
WEST HARTFORD, INC.

By_____
Joseph J. Andriola of
HALLORAN & SAGE LLP
Fed Bar #ct26830
225 Asylum Street
Hartford, CT 06103
Tel.: (860)522-6103
Fax: (860)548-0006
email: andriola@halloran-sage.com

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

## CERTIFICATION

This is to certify that on this 15th day of November, 2007, I hereby mailed a copy of the foregoing to:

William G. Madsen
Katalin A. Demitrus
Madsen, Prestley & Parenteau, LLC
44 Capitol Ave., 2nd Floor E., Suite 201
Hartford, CT  06106
Facsimile: (860) 246-1794
(Attorneys for Plaintiff)

Joseph J. Andriola

1081764v 1
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No  26105