

# HALLORAN & SAGE LLP
ATTORNEYS AT LAW

JOSEPH J. ANDRIOLA  Direct 860 297-4619  andriola@halloran-sage.com
Also admitted in New York

November 2, 2007

**Via E-mail and Regular Mail**
William G. Madsen, Esq.
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, 2nd Floor E.
Suite 201
Hartford, CT 06106

    Re:    <u>David Ruran v. Beth El Temple of West Hartford, Inc.</u>
            Our File No.: 09672.0057

Dear Attorney Madsen:

    We are in receipt of Plaintiff's Responses to Defendant's First Set of Interrogatories which are dated February 26, 2007. As previously advised, this was the first time we have seen these responses, notwithstanding that they were previously served upon prior defense counsel.

    We disagree with many of plaintiff's objections to defendant's interrogatories. Specifically, we disagree with plaintiff's objection and non-response to Interrogatories number 9, 10, 11, and 13. Interrogatories numbers 9 and 10 request information regarding each and every statement and/or action of employees of Beth El Temple upon which the plaintiff relies in his allegations that Beth El Temple violated the Age Discrimination in Employment Act ("ADEA") and the Connecticut Fair Employment Practices Act ("CFEPA"), respectively. Interrogatory number 11 requests information regarding the allegations that Beth El Temple engaged in a pattern of age discrimination. Interrogatory number 13 requests the identification of each and every person who was a witness to any of the facts and circumstances alleged in plaintiff's complaint and persons plaintiff intends to call at trial.

    Plaintiff has objected to Interrogatories number 9 and 10 because they are overly broad and unduly burdensome and because they require information from a qualified professional or attorney to determine what does and does not support a claim for a violation of ADEA and CFEPA. Plaintiff has objected to interrogatories number 11 because it is overly broad and unduly burdensome and because it requires knowledge of an attorney to establish the legal standards of age discrimination under applicable law. Plaintiff has objected to Interrogatory number 13 because it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible

November 2, 2007
Page 2

evidence because it purports to apply to "any of the facts and circumstances alleged in the Complaint."

Pursuant to Federal Rules of Civil Procedure 37 and Local Rule 37, counsels for each party must discuss "discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." Accordingly, while not waiving any response to plaintiff's objections and not agreeing with the plaintiff that the interrogatories are overly broad, unduly burdensome or require special legal knowledge, in order to avoid the time and expense of motion practice, the defendant is willing to accept the following specific information as a response to these interrogatories.

For a response to Interrogatory number 9, please indentify the exact date, time and place in which, as alleged in paragraph 16 of plaintiff's complaint, Stuart Bernstein, asked you about what kind of family celebration you was talking place for your daughter in Florida. Second, please provide the date and time in which you received an e-mail from Naomi Cohen congratulating you on your granddaughter's high school graduation. Please also indentify all individuals that were present to these communications and any documents that support said claims.

For a response to Interrogatory number 10, please indentify all written and oral communications that support your claims in paragraph 30 and 31 that the President and both Vice Presidents of Beth El Temple did not read plaintiff's response to the performance review on May 14, 2002 Board Meeting and that the decision of the Board at that meeting was precipitated by the actions and misrepresentations of Mr. Bernstein, Ms. Cohen and Mr. Kleinman. To the extent that it is alleged that Mr. Ruran provided a written response to his 2002 performance review, please immediately provide that to me.

For a response to Interrogatory number 11, please identify each employee of Beth El Temple that has been forced out because of age and replaced with a younger, less qualified employee; identify the date of each occurrence; identify whether that employee was terminated, resigned, or contract not renewed; and identify all documents which support said claim.

For a response to Interrogatory number 13, please indentify the time, date and place of each occurrence in which, as alleged in paragraph 14, you were asked by former President Michael Cohen, as well as other members of Beth El Temple's congregation how old you were. Indentify all written and other communications that support this claim and all individuals present during those communications. Second, please indentify the time, date and place in which, as alleged in paragraph 25 of plaintiff's complaint, a member of defendant's congregation, and former member of defendant's Board of Directors, asked how old you were. Please indentify that

November 2, 2007
Page 3

individual who asked you how old you were. Indentify all written and other communications that support this claim and all individuals present during those communications.

These specifications to Interrogatory number 9, 10, 11, and 13 are made in a good faith effort to resolve discovery issues and should not be interpreted as a waiver of any and all challenges to the plaintiff's objections. Responses to the requested information will be considered compliance with interrogatories number 9, 10, 11, and 13. If this does not resolve our discovery dispute then Beth El Temple will be required to file a Motion to Compel and/or undertake other motions and options available to it under the Federal Rules of Civil Procedure.

Please be further advised that we are awaiting a copy of responses to defendant's First Set of Production of Documents which, as you know, are not in our possession although may have previously been provided to prior defense counsel. Please provide us with copies of the requested documents as soon as possible. Furthermore, please see attached our Second Set of Requests for Production of Documents pursuant to Federal Rules of Civil Procedure 34. To the extent that they are duplicative of prior discovery requests, we will consider response to the First Set of Request for Production of Documents sufficient answers to the Second Set.

Thank you in advance for your cooperation.

Very truly yours,

Joseph J. Andriola

1071521v 1